BREAUX, C. J.
Plaintiff sued the defendant to recover $2,500 annually for a period of 15 years on the ground that defendant has taken and usurped a privilege to run through certain streets, which privilege plaintiff claims it owns.
The facts are, as relates to this privilege, that on February 16, 1894, the city of New Orleans granted to the Southern Chemical & Fertilizing Company (the author of plaintiff) the privilege to construct and operate a switch track from Broad street to Hagan avenue, connecting there with the switch track of the Yazoo & Mississippi Yalley Railroad Company.
The Southern Chemical & Fertilizing Company subsequently conveyed the southwestern part of the square, bounded by Clark, Perdido, and Hagan streets, to the city.
On this part of the square granted there were two switches constructed by the Southern Chemical & Fertilizing Company.
In the conveyance the Southern Chemical & Fertilizing Company reserved the use of the switch tracks for a period of 20 years from the 5th day of January, 1898.
Thereafter the Standard Chemical Company, plaintiff in this case, acquired from the Southern Chemical & Fertilizing Company the rights and privileges which the Southern Chemical & Fertilizing Company had acquired from the city of New Orleans (including the roadbed and other property and privileges) located on said lots.
Plaintiff alleged that on the 24th day of *151 October, 1906, the city approved and confirmed the transfer made by the Southern Chemical & Fertilizer Company to the plaintiff, the Standard Chemical Company, and that for adequate consideration the city gave to the plaintiff company the privilege of conducting and operating a switch track over the street before named for a period of 21 years from the 27th day of November, 1906.
Plaintiff’s complaint is that the Illinois Central and the Yazoo & Mississippi Valley Railroad Companies have unlawfully taken possession of its right of way and also of the switch track privilege and of other property, and are using this property to their advantage and to the detriment of plaintiff’s interest.
Plaintiff charges that these acts are wrong and tortious.
Plaintiff claims rental, and the question presented here is whether plaintiff is or is not entitled to rental.
We do not think that it is entitled to rental.
The questions presented for decision grow out of defendant’s exception, which was maintained by the district court, in which defendant alleged misjoinder; no cause of action, and the prescription of one and three years.
First, as to misjoinder:
Plaintiff does not allege that defendants have a common interest of any kind. They are referred to substantially as distinct corporations, owing a common amount for rent.
Although it does not appear that there was a common interest, we will not decide the casé on that ground.- As to the rent itself as claimed, there was misjoinder. In view of the issues as presented together with other' grounds, we will not dispose of the case on the ground of misjoinder, for it is different as to the wrongful and tortious acts alleged. As to these, there was ground sufficient'to join defendants in one suit. All the different grounds lead to one conclusion, that the plaintiff has no cause of action.
[2] We leave this point, and take up the issue raised by the plea of prescription of three years.
There is no ground upon which to maintain that prescription for the reason that there-are no contractual relations between the parties.
We have seen that plaintiff claims rent.
Were we to sustain the plea of rental due, it would be subject to.the three years prescription.
This is not possible, for such is the nature of the ease that no rent can be recovered, and therefore the prescription just mentioned cannot be of any avail to defendant.
This brings us to the consideration of the plea of one year prescription.
Plaintiff'alleged that defendants wrongfully and tortiously continued in using the property of petitoner.
As relates to this improper use, as alleged, the plea of one year prescription bars the claim, if anything be due for any act by defendant of a date one year anterior to the date the suit was brought.
The unlawful deprivation of possession of premises is subject to the prescription of one year. ■
Prescription runs from the day on which the injury or damage was sustained. Lizardi v. N. O. Canal & Banking Co., 25 La. Ann. 414. The plea of one year’s prescription is sustained.
Defendant in the exception sustained by the district court pleaded that plaintiff al-leged no cause of action.
To the extent that the plea of prescription does not bar acts within a year prior to the suit, we will consider this exception.
[1] We have scanned plaintiff’s petition, and have not found that plaintiff owns a fee in the soil on which the roadbed is. constructed.
*153 Although plaintiff has a privilege, as we have seen, granted by the city, it has no right to dispose of that claim. It is revo- ■ cable. This revocability shows the restrict•ed condition of the right.
A privilege may be granted that does not ■grant the right to recover rent.
Plaintiff has a right to remuneration for its expenses, its work, and services as a public service corporation.
That does not give it the right to claim rental.
It has a right to a possessory or a petitory action.
They do not confer the right of collecting for rent on account of the occupancy of the ground over which it claims it had a privilege, and which it never claimed before this ■suit was brought.
The courts have decided that they will protect a right of way over streets by injunction.
That is not the action here.
If it be entitled to the right claimed, necessary protection will be given to the extent 'to which it is entitled.
Plaintiff has no authority to declare itself .landlord, and claim rent from its asserted tenant.
The streets are for the common use of the public.
The municipality has the right, for certain purposes, to restrict that right in part, to grant a privilege. But it remains, as before stated, subject to certain rights of the .grantor representing the public.
The municipality has it in its power to allow others to pass over the same road.
Plaintiff has not acquired such a right of •ownership as will enable it to stand in judgment in this case.
For reasons stated, it is ordered, adjudged, •and decreed that the judgment appealed from .Is affirmed at appellant's costs.