*106 So.2d 291*

**CITY OF NEW ORLEANS**

v.

**Henry M. BELAS et al.**

No. 44112.

Nov. 10, 1958.

Deutsch, Kerrigan & Stiles, Gerald J. Gallinghouse, Morey L. Sear, Alvin J. Liska, City Atty., Ellis, Lancaster, Daly & King, New Orleans, for petitioner.

Joseph V. Di Rose, Graffagnino, Roberts & De Sonier, Mose C. Scharff, Henry L. Oulliber, Jr., New Orleans, for defendants-respondents.

HAMITER, Justice.

The City of New Orleans instituted this action to enjoin some fifty named taxicab operators and others "acting in concert with them" from committing certain acts on its property at the Moisant International Airport (located in the City of Kenner, Parish of Jefferson) which are allegedly contrary to and in violation of an exclusive franchise respecting the airport taxi service granted by plaintiff to Toye Bros. Yellow Cab Company. The latter intervened in the suit, joining plaintiff and seeking to protect its contractual rights under the mentioned franchise.

Plaintiff and intervenor pray to have the defendants enjoined from (among other things) soliciting passengers at the airport; from remaining on the airport premises after discharging passengers transported thereto by them; and from "* * * committing any act or engaging in any activity, the purpose or effect of which is to interfere with or prevent plaintiff's orderly and efficient operation, maintenance or administration of the airport, or plaintiff's performance of any of its obligations under its franchise grant to Toye Bros. Yellow Cab Company."

Both plaintiff and intervenor allege that their rights under the franchise are being impaired by the various acts of the defendants and that thereby they are suffering a monetary loss, the amount of which cannot be accurately computed or estimated; and, consequently, they have no adequate legal means to recover for the damage sustained.

Previously a somewhat similar suit was filed by plaintiff. After a hearing on the merits thereof the district court ruled that the granted exclusive franchise was void for a number of reasons, one being that the involved contract, having been negotiated with the New Orleans Aviation Board, was not executed in accordance with the home rule charter of the city. That case was appealed, and it is presently pending here. Later, an ordinance (No.1344 MCS) was adopted authorizing such exclusive franchise; the franchise was accepted by intervenor; and the present action was instituted.

At a hearing of a rule for a preliminary writ of injunction in the instant suit such rule was dismissed on an exception of no cause of action directed at the allegations of plaintiff's petition. In his written reasons for the judgment the district judge pointed out that "plaintiff does not allege that it called upon the proper police authority to have the defendants cease and desist from performing improper and unlawful acts"; and, assuming the contract and franchise to be valid, he concluded that the city cannot enjoin the actions of defendants without first resorting to whatever means are available to it through proper police practices under the penal laws.

The cause is before us under our supervisory powers which were successfully invoked by plaintiff and intervenor.

In view of the ruling of the district court on the exception of no cause of action the question of the validity of the franchise is not presently before us. This is recognized by the defendants, for in the brief of their counsel to this court the following is said: "It requires but a reading of the trial court's reasons for judgment to make it crystal clear that the validity, vel non, of the contract and franchise of Toye Bros. Yellow Cab Company, in no way entered into the judgment maintaining the exceptions of no right or cause of action. Of necessity such validity was a question to

be heard and decided on the merits. * * *"

From which it follows that the sustained exception of no cause of action addresses itself to the sufficiency in law of the petition's allegations of fact; and the sole question to be determined at this time is whether the plaintiff municipality may prevent by injunction the violation of its ordinance, as well as the contract entered into pursuant thereto, without first resorting to the penal provisions of that ordinance or of other laws.

Assuming the validity of the ordinance and the franchise granted thereby, as the district judge did, we have concluded that the exception of no cause of action was erroneously sustained. In City of New Orleans v. Liberty Shop, Limited, 157 La. 26, 101 So. 798, 799, 40 A.L.R. 1136, this court observed: "The judgment appealed from is founded upon the proposition that the equity power of the courts, or the authority of a court whose jurisdiction is confined to civil cases, does not extend to the enforcement of the criminal laws by injunction, or to the prevention of violations of the criminal laws. As a rule, that is true; but the rule has its exceptions. An injunction should not be issued to prevent the commission of a crime, if the only reason for preventing it is that it is a crime. But, if the wrong complained of is injurious to property inter-

ests or civil rights, or if it is a public nuisance, either in the opinion of the court or in virtue of a statute or an ordinance making it a nuisance, the fact that it is also a violation of a criminal statute or ordinance does not take away the authority of a court of civil jurisdiction to prevent the injury or abate the nuisance."

■ Here, according to the allegations of the petition, the acts complained of are violative of plaintiff's contractual rights with intervenors and, particularly, detrimental to the benefits flowing therefrom. For example, plaintiff alleges that it " * * * is unable to make an accurate estimate of the monetary loss that it will suffer as a result of defendants' acts, but avers that it has lost, is losing and will continue to lose ten and one-half (10½¢) cents for each passenger transported in taxicabs to and from the Airport by others than the grantee; and plaintiff avers that its total loss will far exceed $2,000 exclusive of interest and costs." In view of this allegation the conclusion is inescapable that criminal prosecution cannot satisfy the damages heretofore and to be sustained by plaintiff and, consequently, it is entitled to injunctive relief.

Defendants do not seriously argue that the intervenor has no property rights which it can protect by injunction. Clearly it has. See Standard Chemical Company v. Illinois Central Railroad Company, 130 La. 148, 57 So. 782 and State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665. They merely urge that the intervention must be dismissed if and when plaintiff's demands are rejected. Thus, to quote from the brief of their counsel, they say: "La. Code of Practice, Article 391 provides the intervenor with a choice either of intervention or procedure by separate action. Once the choice is made, as here, intervenor may not be heard to complain for he well knows he must take the cause as he finds it subject to all its frailties, reserving only to himself the right to a separate action if he feels justice can better be served thereby."

Since we have concluded that plaintiff has stated a cause of action for a preliminary injunction the complaint of defendants as to the petition of intervention is groundless.

For the reasons assigned the writs heretofore issued are made peremptory, the judgment of the district court dismissing the rule for a preliminary injunction is reversed, the exception of no cause of action is overruled, and the cause is remanded for further proceedings according to law. The existing restraining order is continued in force and effect pending disposition of the preliminary injunction rule. Costs of the instant proceeding in this court shall be paid by defendants, and all other costs shall await final determination of the litigation.