331 So.2d 431 (1976)
Harry CONNICK, District Attorney for New Orleans
v.
LUCKY PIERRE'S et al.
No. 57154.
Supreme Court of Louisiana.
March 29, 1976.
Dissenting Opinion May 17, 1976.
*433 William J. Guste, Jr., Atty. Gen., Robert L. Livingston, Jr., Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William F. Wessel, First Asst. Dist. Atty., for plaintiff-appellant.
John R. Martzell, Martzell & Montero, New Orleans, for defendants-appellees.
CALOGERO, Justice.
Invoking the provisions of R.S. 13:4711,[1] the district attorney for Orleans Parish filed a petition for an injunction and abatement of nuisance against the owners, the lessees/sub-lessors, a bartender, and the sub-lessee business operator of the premises and business at 735 Bourbon Street in New Orleans known as Lucky Pierre's. He alleged that 735 Bourbon Street was "a place in which assignation, prostitutions and solicitation, is practiced, initiated, solicited for and permitted to exist as a practice," and that the "defendants have maintained this nuisance or knowingly permitted it to exist without instituting legal proceedings to enjoin it." The district attorney asked that defendants be enjoined from permitting the continuation and existence of the alleged nuisance and that an order of abatement issue directing the closing of the business and premises for a period of one year. Abatement under La.R.S. 13:4715, which can be ordered only as to the owner, was removed from the litigation when plaintiff moved to dismiss the suit against the owner without prejudice.
Prior to hearing on the request for a preliminary injunction defendants presented, as a part of a preemptory exception of no cause of action, the argument that La.R.S. 13:4711 et seq. is unconstitutionally vague. The district court agreed with this contention, found the statute to be void for vagueness, and sustained the exception of no cause of action with respect to the injunctive relief sought, and to that extent dismissed plaintiff's petition. Plaintiff has appealed to this Court under the provisions of Article V, Section 5(D)(1) of the Louisiana Constitution of 1974, which provides for direct appeal to the Supreme Court in a case in which a law or ordinance has been declared unconstitutional.
La.R.S. 13:4711 permits the enjoining of the "maintenance of a nuisance" after first defining the same as follows: "to carry on, to conduct or to knowingly permit to exist, without instituting and proceeding with the legal action necessary to enjoin, prostitution, assignation or obscenity as now defined, or as hereafter defined, by the criminal laws of this state." Additionally, *434 if it can be established that the owner of the building knew of the maintenance of the nuisance but did not institute and proceed with the legal action necessary to enjoin its continuance, the judge may enter, as part of the judgment rendered in the injunction proceeding, an order of abatement directing the effectual closing of the building for one year. La.R.S. 13:4715.[2] Among the persons who may petition for the issuance of an injunction or an order of abatement is the district attorney in the name of his parish. La.R.S. 13:4712.[3]
Violation of the provisions of an injunction or order of abatement issued under these provisions constitutes contempt of court and is punishable by a fine of not less then $100 nor more than $500 or by imprisonment in the parish prison for not more than one year or both. If the offender is convicted of a second or subsequent contempt, the punishment shall be both fine and imprisonment. La.R.S. 13:4714, 4715.
Before the district court, defendants in the instant case set forth five grounds in support of their exception of no cause of action, including the allegation that La.R.S. 13:4711 et seq. is void for vagueness both on its face and as applied. Since the district court ruled the statute unconstitutional on the basis of this vagueness attack, we shall confine our consideration here to that issue.
The fourteenth amendment of the United States Constitution, as well as Article I, Section 2 of the Louisiana Constitution of 1974, command that words and phrases used in statutes be not so vague and indefinite that any "penalty" prescribed for their violation constitutes the taking of liberty or property without due process of law. Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed.2d 888 (1939); State v. Lindsey, 310 So.2d 89 (La.1975); City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308 (1954). Thus any statute which either forbids or requires the doing of an act and which, therefore, acts as a guide to future conduct, is deemed to be void for vagueness if "men of common intelligence must necessarily guess at its meaning and differ as to its application . . . ." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). See U.S. v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); State v. Dardar, 257 La. 191, 241 So.2d 905 (1970); State v. Cloud, 248 La. 125, 176 So.2d 620 (1965); State v. Robertson, 241 La. 249, 128 So.2d 646 (1961); Note, 109 U.Pa.L.Rev. 67 (1960); Note, 62 Harv.L.Rev. 77 (1948).
La.R.S. 13:4711 et seq. requires owners, lessees, sublessees, employees and other persons in active concert or participation with them to institute and proceed "with the legal action necessary to enjoin prostitution, assignation or obscenity. . . ." or be faced with a law suit seeking to enjoin them from maintaining that nuisance and, possibly to close down their businesses and/or premises for one year. As previously noted, if an injunction is issued *435 or abatement ordered, a party subsequently adjudged to have violated the injunction or order is subject to fixed, definite penalties. Thus, since defendants in the instant case face the potential imposition of a fine and/or imprisonment, as well as a threat to their property interest, they are entitled to due process of law under both the United States and Louisiana Constitutions. We must, therefore, examine the provisions and terms of La.R.S. 13:4711 et seq. to determine whether they give persons of ordinary intelligence fair notice of what conduct is prohibited or required or whether they are so unclear or indefinite that the statute is void for vagueness.
The activities which are the focus of this public nuisance statute are "prostitution, assignation or obscenity as now defined, or as hereafter defined, by the criminal laws of this state" (emphasis added) La.R.S. 13:4711. In the instant case, there was no charge relative to obscenity. With respect to the allegations of assignation and prostitution contained in the petition, however, there is arguably some uncertainty as to what conduct on the premises will, if proved, bring the provisions of this statute into play. Assignation is nowhere defined in the criminal statutes of this state, but has been defined in the jurisprudence as "solicitation for prostitution and for crimes against nature." Garison v. Menendez, 158 So.2d 856 (La.App. 4th Cir. 1963).[5] On the other hand, prostitution is defined in La.R.S. 14:82 as "the practice by a female of indiscriminate sexual intercourse with males for compensation." However, there has been confusion as to the conduct proscribed by this penal provision since, although the words of the statute seem to indicate that an act of sexual intercourse must be proved, the jurisprudence, in cases dealing with the public nuisance provisions and with the pandering statute, contains language indicating that proof of an offer to engage in indiscriminate sexual intercourse for compensation is enough. See State v. Bourg, 248 La. 844, 182 So.2d 510, cert. denied 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966); Parish of St. Landry ex rel. Goudeau v. Veillon, 308 So.2d 830 (La.App.Orl.1955). But see State v. Butler, 331 So.2d 425 (La.1976), No. 56,978 (decided this day), where we state that prostitution, as presently defined in La.R.S. 14:82, requires proof of an act of indiscriminate sexual intercourse.
At this time, however, it is not essential to resolve the problems with respect to the definitions of assignation and prostitution, for we conclude that the phrase "without instituting and proceeding with the legal action necessary to enjoin. . ." is so vague and indefinite that it does not give adequate notice of what action must be taken in order to avoid the issuance of an injunction or an order of abatement, or, once issued, of how to avoid being held in contempt for violation of the injunction. For this reason, La.R.S. 13:4711 et seq. violates the due process clauses of the United States and Louisiana Constitutions and is void for vagueness.
By the terms of La.R.S. 13:4711 et seq., defendants are being told that they have an affirmative duty to institute and proceed with the legal action necessary to enjoin any acts of prostitution or assignation which they know are taking place in a building which they lease or in the place of business which they operate or where they are employed. For example, the attorney general in his brief to this Court suggests that "if an operator is informed by the police that prostitutes frequently use his premises to solicit for prostitution, is shown photographs of known offenders, sees them in his place, sees them leaving the establishment with different male patrons, *436 and does nothing, then it is obvious that he in effect acquiesced in the practice." Assuming that this is so, this operator in order to avoid the consequences of La.R.S. 13:4711 et seq. is required to institute and proceed "with the legal action necessary to enjoin" these activities. But in actuality any person, even a reasonably intelligent one, is left in a quandary because he does not know the extent or the scope of the obligation allegedly imposed upon him.
It has been suggested in briefs and on oral argument that this terminology may conceivably mean one or all of the following: (1) cooperation with law enforcement officials; (2) self-help; (3) a law suit. Thus the district attorney suggested that possibly an owner, operator or employee could comply with the statute by calling the police and cooperating with them in enforcing the law. However, while this would probably be evidence tending to negate knowing acquiescence, it is unclear whether it is also "the legal action necessary to enjoin." And if that action does fall within the intent of the statute, it is still not clear what steps, if any, would have to be taken if the police are informed but do nothing to arrest the alleged prostitutes because of lack of probable cause or otherwise and, therefore, the activities continue. It was also suggested in briefs that an owner or operator could possibly extricate himself by employing self-help and asking persons who are "practicing" prostitution or assignation on the premises to leave.[6] And finally it is suggested that "the legal action necessary to enjoin" requires the named persons, if they know the prohibited activities are taking place, to undertake affirmative injunctive action in the civil courts.[7]
The very fact that these various types of action have been suggested as possible ways in which a person can comply with the terms of La.R.S. 13:4711 et seq. lends support to the argument that the statute is void for vagueness. Yet even assuming that compliance clearly calls for the filing of a civil suit seeking injunctive relief, perhaps the most plausible interpretation of the language, the statute would still be vague for there is the additional uncertainty relative to whom the injunction proceedings should be filed against. For example, if a person believes that prostitution or assignation is being "practiced" in a building which he owns, he does not know whether he is required to sue his lessee; the sublessee; the manager of the business; a bartender or hotel maid; every woman who allegedly practices prositution or assignation on the premises, whether it *437 is on only one occasion or more frequently; every willing patron who seeks out prostitutes or who accepts an "offer"; or any one or possibly all of these parties. The same can be said with respect to a lessee or an operator or employee of a business alleged to be the site of "maintenance of a nuisance." Furthermore, it is not clear whether the party must be successful in obtaining an injunction or injunctions and, if so, whether, pursuant to an injunction or injunctions, he must succeed in ridding the building or business of the practice of the prohibited activities.
As has been shown by the various conceivable interpretations of the phrase "legal action necessary to enjoin" it is impossible for a person who ostensibly falls within the purview of La.R.S. 13:4711 et seq. to discover the statute's applicability, to evaluate the risk of sanction and to guide his future action or conduct. Thus La.R.S. 13:4711 et seq. fails to fulfill the due process requirement that statutes be sufficiently definite to give notice as to what conduct is necessary to avoid legal sanctions.
For the reasons assigned, the judgment of the lower court is affirmed.
SANDERS, C.J., dissents and assigns written reasons.
MARCUS, J., dissents and assigns reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I do not agree with the majority's conclusion that the phrase "without instituting and proceeding with the legal action necessary to enjoin, prostitution, assignation or obscenity" violates the due process clauses of the United States and Louisiana Constitutions and is void for vagueness. In my view, the provision is clear and definite and affords adequate notice of what action must be taken to avoid the issuance of an injunction or an order of abatement or, once issued, of how to avoid being held in contempt for violation of the injunction. Additionally, in my opinion, "prostitution" and "assignation" as defined in the criminal laws of this state have well-defined, well-understood, and generally-accepted meanings. Accordingly, I respectfully dissent.
SANDERS, Chief Justice (dissenting).
The majority has struck down this nuisance-abatement statute, holding that the following words are unconstitutionally vague:
"without instituting and proceeding with the legal action necessary to enjoin. . .."
I disagree. A statute satisfies the constitutional requirements if it gives a person of ordinary intelligence fair notice of what conduct is criminal. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953); State v. Heck, La., 307 So.2d 332 (1975); City of Baton Rouge v. Norman, La., 290 So.2d 865 (1974).
In testing a statute, the words should be taken in their usual sense, in connection with the context, and in the light of the purpose of the provisions. See State v. Heck, supra; State v. Truby, 211 La. 178, 29 So.2d 758 (1947).
In context, the provision reads as follows:
". . . knowingly permit to exist, without instituting and proceeding with the legal action necessary to enjoin, prostitution, assignation or obscenity. . .." LSA-R.S. 13:4711.
This provision means that the operator of a business who knowingly allows prostitution to be practiced on his premises without *438 taking legal action to stop it if necessary is maintaining a nuisance. The purpose of the "without" phrase is to absolve an operator who does take necessary legal steps to free his premises of the criminal conduct.
In my opinion, the statute is reasonably clear, and I would uphold it.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
NOTES
[1] "§ 4711. Maintenance of nuisance defined; right to enjoin or abate.

Maintenance of a nuisance is to carry on, to conduct or to knowingly permit to exist, without instituting and proceeding with the legal action necessary to enjoin, prostitution, assignation or obscenity as now defined, or as hereafter defined, by the criminal laws of this state.
Maintenance of a nuisance in or upon any building, structure, land, watercraft or movable, or any part thereof, by the owner, lessee, sublessee or occupant thereof, his officers, agents, representatives, employees or any other person or persons in active concert of participation with him or them, may be enjoined as provided in R.S. 13:4711 through R.S. 13:4714.
Maintenance of the same nuisance at any other location within the state by the adverse party, his officers, agents, representatives, employees or any other person or persons in active concert or participation with him or them may also be enjoined in such action.
An order of abatement directing effectual closing of the building, structure, land or other place may be entered as a part of the judgment in the case as provided in R.S. 13:4715. Abatement shall not be an authorized remedy in cases involving obscenity.
Amended by Acts 1970, No. 451, § 1; Acts 1974, No. 277, § 1."
[2] An order of abatement may not be entered when the grounds for the issuance of the injunction is obscenity. La.R.S. 13:4711.
[3] After the filing of the petition, prompt notice must be served on the adverse parties and a preliminary hearing held within twenty-four hours from the time of notice. At this preliminary hearing, the judge must determine whether "probable cause maintenance of a nuisance" exists and, if it does, he may issue a preliminary injunction describing the conduct sought to be permanently enjoined. Regardless of the outcome of this initial hearing, within the next five to ten days an adversary hearing must be held, with the judge required to render judgment within forty-eight hours of its conclusion. If the judge finds that "maintenance of a nuisance" does in fact exist, an order granting a final injunction may issue describing in reasonable detail the conduct permanently enjoined. La.R.S. 13:4713.
[5] It should be noted that Menendez involved an interpretation of the meaning of assignation as used in the very statute presently before us and is, therefore, not very persuasive authority for the proposition that assignation is defined by the criminal laws of this state.
[6] This in itself may prove to be a difficult or impossible task, at least in New Orleans, in light of the extant federal injunction entered in Fletcher v. Giarrusso, No. 73-1939 (E.D.La.1973) which prohibits the superintendent of the New Orleans Police Department and the New Orleans city attorney and "all others working in concert with them" from ejecting or causing to be ejected from a place where intoxicating liquor is sold women "known" to be prostitutes or who have been convicted of prostitution.
[7] Both parties to this litigation raised the question of whether a private citizen can enjoin conduct which, by the very terms of La.R.S. 13:4711, is criminal under the laws of this state. While the general rule is that the authority of a court whose jurisdiction is confined to civil cases does not extend to the enforcement of criminal laws by injunction, if the conduct complained of is injurious to property interests or civil rights or if it is a public nuisance, the fact that it is also a violation of a criminal law does not take away the authority of the court to prevent the injury by issuing an injunction. City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798 (1924). See City of New Orleans v. Belas, 235 La. 867, 106 So.2d 291 (1958); Annot., 91 A.L.R. 315 (1934). While the cases cited involved injunction proceedings initiated by governmental bodies, if a private citizen faces "irreparable injury" the same basic principles should apply. See La.Code of Civil Procedure, art. 3601. At this time, however, we need not address ourselves to the issue of whether parties who seek injunctive relief to avoid the consequences of La.R.S. 13:4711 et seq. are faced with irreparable injury, such that an injunction can issue.