HOOD, Judge.
Rapides Parish seeks an injunction and an order of abatement under LSA-R.S. 13:4711, et seq., prohibiting defendants from carrying on and conducting prostitution on certain premises in the parishes of Rapides and Avoyelles. The suit was instituted against Carl W. Guillory, Linda Fuse-lier Guillory and Larry Melton Fuselier. It was dismissed as to Linda Fuselier Guillory and as to Larry Melton Fuselier, leaving Carl W. Guillory as the sole defendant.
Judgment was rendered by the trial judge decreeing that a permanent injunction issue against defendant Guillory, enjoining and prohibiting him from carrying on and conducting prostitution in buildings or structures located on two tracts of land in Rapides Parish and on one tract in Avoy-elles Parish. The judgment also decrees that an order of abatement issue directing the effectual closing of the buildings and structures located on the above tracts of land for a period of one year, unless sooner released by the court,, and ordering the sheriff to padlock those buildings and structures. Defendant Guillory appealed.
Several issues are presented, the principal one being whether LSA-R.S. 13:4711, et seq., is so vague and indefinite that it violates the due process clauses of the Louisiana and United States Constitutions, and thus is unconstitutional, void and unenforceable.
Defendant owns and operates the Trade-winds Motel, in Rapides Parish, and the Watergate Lounge, in Avoyelles Parish. The evidence establishes that he was actively engaged in conducting the business of prostitution at both of those locations at the time this suit was filed.
This suit was instituted on June 15, 1976, under the provisions of LSA-R.S. 13:4711, et seq. Plaintiff seeks a judgment enjoining defendant from carrying on and conducting prostitution on the above premises, and an order of abatement directing the effectual closing of the buildings and structures in which those activities were being conducted.
Defendant Guillory resisted the suit, contending primarily that LSA-R.S. 13:4711, et seq., is void and unconstitutional, in that its provisions are so vague and indefinite that “they do not give adequate notice of what action must be taken in order to avoid the issuance of an injunction or an order of abatement.” He contends that the cited statute violates the due process clauses of the Fourteenth Amendment of the United States Constitution, and Article I, Section 2, of the Louisiana Constitution of 1974.
LSA-R.S. 13:4711 provides, in part, that:
“Maintenance of a nuisance is to carry on, to conduct or to knowingly permit to *973 exist, without instituting and proceeding with the legal action necessary to enjoin, prostitution, assignation or obscenity as now defined, or as hereafter defined, by the criminal laws of this state.”
LSA-R.S. 13:4712 and 4713 give the parish the right to institute suit for the type of relief which is being sought here. LSA-R.S. 13:4715 provides:
“If it is established in an action under the provisions of R.S. 13:4711 through 13:4713 that maintenance of a nuisance exists and that the owner of the building, land, structure or other place knew of its existence but did not institute and proceed with the legal action necessary to enjoin maintenance of the nuisance, an order of abatement may be entered as part of the judgment rendered in the case. The order of abatement shall direct the effectual closing of the building, land, structure or other place for the period of one year, unless sooner released.”
The above sections of the Revised Statutes were amended by Act 277 of 1974, apparently to remove objections which were pointed out in Gulf States Theaters of La., Inc. v. Richardson, 287 So.2d 480 (La.1973).
In Parish of St. Landry ex rel. Goudeau v. Veillon, 308 So.2d 830 (La.App. 3 Cir. 1975), the above sections of the Revised Statutes, as amended were attached on the ground that they violated the due process clauses of the state and federal constitutions, and we held that those sections were valid and constitutional. The arguments presented in the instant suit, however, were not made in Veillon.
In Connick v. Lucky Pierre’s, 331 So.2d 431 (La.1976), the district attorney of Orleans Parish filed a petition for an injunction and an order of abatement, under LSA-R.S. 13:4711, et seq., against the owners, lessees, sub-lessees, a bartender, and the sub-lessee business operator of Lucky Pierre’s Lounge. He alleged that Lucky Pierre’s was “a place in which assignation, prostitutions and solicitation, is practiced, initiated, solicited for and permitted to exist as a practice,” and that the “defendants have maintained this nuisance or knowingly permitted it to exist without instituting legal proceedings to enjoin it.” The action was dismissed against the owner, and that eliminated plaintiff’s demand for an order of abatement. According to our understanding of the action, plaintiff sought only injunctive relief against the remaining defendants. He did not contend that they were conducting prostitution but merely that they were permitting the maintenance of that nuisance to exist. The defendants filed an exception of no cause of action, arguing that LSA-R.S. 13:4711, et seq., is unconstitutionally vague. Our Supreme Court held that the exception had been properly sustained by the trial court, stating:
“. . .we conclude that the phrase “without instituting and proceeding with the legal action necessary to enjoin . ” is so vague and indefinite that it does not give adequate notice of what action must be taken in order to avoid the issuance of an injunction or an order of abatement, or, once issued, of how to avoid being held in contempt for violation of the injunction. For this reason, La. R.S. 13:4711 et seq. violates the due process clauses of the United States and Louisiana Constitutions and is void for vagueness.”
Defendant in the instant suit contends that the Supreme Court in Lucky Pierre’s decreed the cited statute to be unconstitutional for all purposes. Plaintiff contends that the court did not intend to invalidate the entire statute, but that instead it invalidated only those provisions which authorize injunctive or abatement relief against those who are not actively carrying on or conducting prostitution, but who are knowingly permitting prostitution to be conducted on the premises. Plaintiff points out that the action in Lucky Pierre’s was directly solely against defendants who were not conducting prostitution, and that the only ground assigned by the Supreme Court for invalidating the statute was that it did not describe in sufficiently definite terms the type of “legal action” which a person not actively conducting that nuisance must in *974 stitute in order to escape the injunctive or abatement relief provided in the statute.
We agree with plaintiff that the phrase, “without instituting and proceeding with the legal action necessary to enjoin,” as used in the first paragraph of LSA-R.S. 13:4711, applies only to defendants who are not actively carrying on or conducting prostitution on the described premises. We also believe that the phrase, “but did not institute and proceed with the legal action necessary to enjoin maintenance of the nuisance,” as used in LSA-R.S. 13:4715, applies only to an “owner” who is not actively conducting such a nuisance, but who knows of its existence and permits it to continue to exist.
In our opinion, the Legislature intended by LSA-R.S. 13:4711, et seq., to provide for injunctive and abatement relief against (1) those who are carrying on or conducting the nuisances therein described, and (2) those who are not carrying on or conducting those nuisances but are knowingly permitting the maintenance of such nuisances to exist. We think the phrase, “without instituting and proceeding with the legal action necessary to enjoin,” in LSA-R.S. 13:4711, refers solely to the last named class of persons, that is, those who are not conducting the nuisances described but who are knowingly permitting them to exist.
To construe the statute in any other way would produce some untenable results, or it at least would necessitate an assumption that the Legislature intended to include some absurd provisions in the law. If the statute should be interpreted as argued by defendant, for instance, we would have to hold that the Legislature specifically authorized a person who is actively conducting prostitution to institute a legal action against himself for a judgment enjoining himself from continuing to conduct that nuisance. It also would necessarily require a holding that the Legislature intended to provide that if a person who is actively engaged in conducting prostitution institutes an injunction suit against himself, as ridiculous as such an action may be, then the fact that such an action has been instituted will effectively prevent the district attorney or the parish from enjoining him from continuing to actively conduct that' nuisance. The Legislature clearly did not intend to authorize a person to institute and maintain an injunction suit against himself, or to provide that a person who is conducting prostitution could insulate himself against an injunction or order of abatement, under LSA-R.S. 13:4711, et seq., by simply instituting such a legal action against himself.
When the provisions of a statute are uncertain, courts are required to consider the reason and spirit of it, and the cause which induced the Legislature to enact it. LSA-C.C. art 18. When a phrase in a statute is not clear, its meaning may be sought by examining the context in which it is used, and other words and phrases in the act may be compared in order to ascertain the true meaning of the phrase in question. LSA-C.C. art 16. The courts will not impute to a statute a meaning which would lead to an absurd result or extend to the statute a situation which the Legislature never intended to be covered by it. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963).
Considering these rules of statutory construction, we have concluded that the Legislature intended that the phrase “without instituting and proceeding with the legal action necessary to enjoin,” contained in LSA-R.S. 13:4711, and a similar phrase contained in LSA-R.S. 13:4915, apply only to persons who are not conducting the nuisances therein described. Those phrases do not apply to persons, such as defendant in the instant suit, who are carrying on or conducting those nuisances. The defendants in Lucky Pierre’s were not conducting prostitution, and we think the Supreme Court intended to hold that the above statute is unconstitutionally vague only as to that class of persons.
Defendant in the instant suit is carrying on or conducting prostitution on the described premises, and the unconstitutionally *975 vague portions of the statute thus do not apply to him. We have concluded that the statute is clear and definite insofar as it applies to a person who is engaged in carrying on or conducting prostitution, and that the Supreme Court did not intend to decree the statute to be unconstitutional insofar as it applies to that class of persons.
Our conclusion, like that of the trial judge, is that LSA-R.S. 13:4711, et seq., is valid and enforceable insofar as it applies to a person who is carrying on or conducting prostitution. We hold that it is constitutional and valid insofar as it applies to defendant in the instant suit, and that the trial court correctly overruled the exception of no cause or action filed in this suit.
Defendant filed an exception alleging that the district court in Rapides Parish is not a court of proper venue to issue an injunction or an order of abatement affecting immovable property in Avoyelles Parish. He relies on Article 80 of the Louisiana Code of Civil Procedure, the pertinent part of which provides:
“Art. 80. The following actions shall be brought in the parish where the immovable property is situated: (1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Articles 72 and 2633;
$ * ‡ # sfc * '
If the immovable property, consisting of one or more tracts, is situated in more than one parish, the action may be brought in any of these parishes.”
We think comment (a) appearing under that article is applicable here. That comment reads:
“The last paragraph of this article changes the law by broadening the rule of Art. 1291 of the Civil Code, so as to permit one court to adjudicate all issues, even though separate tracts situated in different parishes are involved.”
In the instant suit plaintiff seeks an injunction and an order of abatement affecting premises in the parishes of Rapides and Avoyelles. We think LSA-C.C.P. art. 80 authorizes such a suit to be maintained in Rapides Parish. The trial judge thus correctly overruled defendant’s exception to the venue of the court.
There is no merit to defendant’s exception of vagueness. The petition adequately alleges the material facts, and it enabled-defendant to answer and to properly prepare his defense to the action.
Defendant contends, finally, that LSA-R.S. 13:4711, et seq., is unconstitutionally vague because it does not clearly define the meaning of the word “prostitution.” The statute gives the following definition of that term: “. . .as now defined, or as hereafter defined, by the criminal laws of this state.” LSA-R.S. 14:82, which constitutes part of the criminal laws of this state, provides:
“82. Prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation.”
In State v. Butler, 331 So.2d 425 (La.1976), our Supreme Court decreed the above statute to be clear and constitutionally valid, although it held that proof of a specific act of intercourse was required to establish prostitution. The definition of the word “prostitution” nevertheless was found to be clear and free from vagueness. In the instant suit actual acts of prostitution, as defined by the above criminal statute and by the Supreme Court, were proved. We thus find no merit to defendant’s argument that the statute fails to clearly define the meaning of the word “prostitution.”
Our ultimate conclusion is that plaintiff is entitled to the relief granted in the judgment rendered by the district court, and that there is no error in that judgment.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.