|2FOGG, Judge.
By this appeal, the defendant in an action for the abatement of a public nuisance appeals an adverse judgment, contending that the statute is unconstitutionally vague and, alternatively, that the plaintiff failed to adequately comply with the statute.
On March 7,1996, the City of Baton Rouge and the Parish of East Baton Rouge (hereinafter collectively referred to as “the City”) brought this action for the abatement of a public nuisance pursuant to LSA-R.S. 13:4712, against Joseph S. DiVincenti, Sr., the owner of the properties having street addresses 167,169,187,189,191,193 and 219 South 16th Street in the City of Baton Rouge. The City asserted that the residences located at those street addresses supported the' maintenance of a nuisance as defined in LSA-R.S. 13:4711 et seq.
On March 11, 1996, the court ordered the defendant to show cause on April 8, 1996(1) why a preliminary injunction should not be issued; (2) why the above listed premises should not be declared a nuisance in violation of LSA-R.S. 13:4711; (3) why a permanent injunction should not issue ordering that the premises be closed for a period of five years; and (4) why a permanent injunction should not issue prohibiting the proprietary parties from maintaining a nuisance at any location within the 19th Judicial District.
On April 8, 1996, the matter was heard. At the hearing, Mr. DiVincenti appeared in proper person. Then, on April 22, 1996, the *2 defendant, through counsel, filed a motion for a second hearing. Therein, the defendant asserted that LSA-R.S. 13:4713 requires the City to have two hearings set, one for a preliminary injunction and one for a permanent injunction. He argued that because only one hearing had been held, he was entitled to a second hearing prior to the entry of any final judgment granting the relief sought by the City. On April 26, 1996, the defendant filed a peremptory exception raising the objection of no cause of faction, asserting that LSA-R.S. 13:4711 et seq. is unconstitutionally vague.
On May 2, 1996, the trial court denied the motion for a second hearing as moot and set the hearing on the defendant’s exception of no cause of action for June 17,1996.
On June 24, 1996, the trial court rendered judgment denying the defendant’s exception of no cause of action. That day the court also rendered judgment, granting a permanent injunction and issuing an order of abatement.
On appeal, Mr. DiVincenti asserts the trial court erred in denying his exception of no cause of action as LSA-R.S. 13:4711 et seq. is unconstitutionally void for vagueness. Prior to July 20, 1977, LSA-R.S. 13:4711 provided as follows:
§ 4711. Maintenance of nuisance defined; right to enjoin or abate.
Maintenance of a nuisance is to carry on, to conduct or to knowingly permit to exist, without instituting and proceeding with the legal action necessary to enjoin, prostitution, assignation or obscenity as now defined, or as hereafter defined, by the criminal laws of this state.
Maintenance of a nuisance in or upon any building, structure, land, watercraft or movable, or any part thereof, by the owner, lessee, sublessee or occupant thereof, his officers, agents, representatives, employees or any other person or persons in active concert of participation with him or them, may be enjoined as provided in R.S. 13:4711 through R.S. 13:4714.
Maintenance of the same nuisance at any other location within the state by the adverse party, his officers, agents, representatives, employees or any other person or persons in active concert or participation with him or them may also be enjoined in such action.
An order of abatement directing effectual closing of the building, structure, land or other place may be entered as a part of the judgment in the case as provided in R.S. 13:4715. Abatement shall not be an authorized remedy in cases involving obscenity.
The Louisiana Supreme Court, in the case of Connick v. Lucky Pierre’s, 331 So.2d 431 (La.1976), found the language “legal action necessary to enjoin,” contained in the above statute, to be unconstitutionally void for vagueness. The court stated “we conclude that the phrase “without instituting and proceeding with |4the legal action necessary to enjoin ...’ is so vague and indefinite that it does not give adequate notice of what action must be taken in order to avoid the issuance of an injunction or an order of abatement, or, once issued, of how to avoid being held in contempt for violation of the injunction. For this reason, La.R.S. 13:4711 et seq. violates the due process clauses of the United States and Louisiana Constitutions and is void for vagueness.” Connick v. Lucky Pierre’s, 331 So.2d at 435.
LSA-R.S. 13:4711 was subsequently amended and provides today as follows:
A. For the purposes of this Subpart, the following terms shall have the following definitions:
(1) “Drug-related criminal activity” means the illegal manufacture, sale, or distribution of, or possession with intent to manufacture, sell, or distribute, a controlled dangerous substance, as defined by R.S. 40:961 or of drug paraphernalia as defined by R.S. 40:1031.
(2) “Maintenance of a nuisance” means to conduct, carry on, or knowingly permit to exist on one’s premises a prohibited activity as defined in this Subsection.
(3) “Premises” means any building, structure, land, watercraft, or movable owned or occupied by any proprietary party or representative thereof.
(4) “Prohibited activity” means prostitution, as defined in this Subsection, obsceni *3 ty, as now or hereafter defined by the criminal laws of this state, or a pattern of drug-related criminal activity as defined in this Subsection.
(5) “Proprietary party” means an owner, lessee, sublessee, or occupant of any premises covered by this Subpart.
(6) “Prostitution” means the practice by a person of indiscriminate sexual intercourse with another for compensation, or the solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.
(7) “Representative” means an officer, agent, employee, or other representative of a proprietary party.
B. Maintenance of a nuisance in or upon any premises by a proprietary party, his representative, or any person acting in active concert with him or them may be enjoined as provided in this Subpart. Maintenance of the same nuisance at any other location within the jurisdictional area of the court issuing the injunction by,such individuals may be enjoined in such action.
ftC. An order of abatement directing the effectual closing of the premises in question may be entered as part of the judgment in the ease as provided in R.S. 13:4715.
The appellant contends that the legislative amendments to the statute did not cure the vagueness recognized by the supreme court in the Connick ease. The appellant contends that the statute continues to fail “to explain what ... [is] required of a person to avoid an injunction or contempt citation. Simply put, nothing ... [in the statute explains] how an owner can avoid ‘permitting’ the nuisance to exist.”
The fourteenth amendment of the United States Constitution, as well as Article I, Section 2 of the Louisiana Constitution of 1974, command that words and phrases used in statutes be not so vague and indefinite that any “penalty” prescribed for their violation constitutes the taking of liberty or property without due process of law. Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963); State v. Lindsey, 310 So.2d 89 (La.1975). Thus, any statute which either forbids or requires the doing of an act and which, therefore, acts as a guide to future conduct, is deemed to be void for vagueness if “men of common intelligence must necessarily guess at its meaning and differ as to its application....” Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). See State v. Cloud, 248 La. 125, 176 So.2d 620 (1965); State v. Robertson, 241 La. 249, 128 So.2d 646 (1961). We must, therefore, examine the provisions and terms of LSA-R.S. 13:4711 et seq. to determine whether they give persons of ordinary intelligence fair notice of what conduct is prohibited or required or whether they are so unclear or indefinite that the statute is void for vagueness.
LSA-R.S. 13:4711 et seq. provides that the maintenance of a nuisance in or upon any premises may be enjoined. Under this statute, to avoid the issuance of a permanent injunction, the landowner must maintain nuisance-free premises. The version of the statute that was before the court in the Con-nick case | (¡provided that certain conduct was prohibited and required the performance of other conduct. The supreme court struck down the statute because the language which required the doing of an act was unconstitutionally vague. Specifically, that language required the landowner to institute and proceed with the legal action necessary to enjoin any certain acts. The ■ offensive language that existed in the statute in 1977 has been deleted. The statute, as it reads today, simply forbids the act of maintaining a nuisance; it does not place any affirmative duty on the landowners. We agree with the trial court that the language of the statute is sufficient to give persons of ordinary intelligence fair notice of what conduct is prohibited. Therefore, that language does not render the statute void for vagueness.
In the instant case, the allegations relate to drug-related criminal activity. LSA-R.S. 13:4711 prohibits a “pattern of drug-related criminal activity” on a premises. “Drug-related criminal activity” is defined as “the illegal manufacture, sale, or distribution of, or possession with intent to manufacture, sell, or distribute, a controlled dangerous *4 substance, as defined by R.S. 40:961 or of drug paraphernalia as defined by R.S. 40:1031.” The appellant contends the term “pattern” is vague. We disagree. The language of the statute provides, to persons of ordinary intelligence, fair notice of what conduct is prohibited. Therefore, that language does not render the statute void for vagueness.
The appellant further contends the above judgment is in error because the City failed to first seek a preliminary injunction as required by LSA-R.S. 13:4713 B.
LSA-R.S. 13:4713 provides for the procedure to be followed to obtain the injunctive relief afforded by this statute. Sections B and C of that statute provide as follows:
B'. After a petition for an injunction has been filed, notice thereof shall be promptly served on the adverse party and a preliminary hearing shall be held 17within twenty-four hours from the time such notice is served. If, following the preliminary hearing, an independent judicial determination is made that there is probable cause to believe that maintenance of a nuisance, as defined in R.S. 13:4711, exists, an order granting a preliminary injunction may issue describing on its face in reasonable detail the conduct sought to be permanently enjoined.
C. Regardless of whether or not a preliminary injunction has been granted, an adversary hearing shall be held not less than five days nor more than ten days after the preliminary hearing, or within such additional reasonable time to which the adverse party consents. The court shall render its judgment within forty-eight hours following the conclusion of the adversary hearing. If, following the adversary hearing, an independent judicial determination is made that maintenance of a nuisance, as defined in R.S. 13:4711, does in fact exist, an order granting a final injunction may issue describing on its face in reasonable detail the conduct permanently enjoined.
In its petition, the City stated, “The plaintiff herein waives our (sic) right to a preliminary hearing and requests that the adversary hearing be held within 5 to 10 days of service of this petition.” The City prayed that the defendant be ordered to show cause why a permanent injunction should not be issued preventing the defendant from allowing the maintenance of the nuisance as defined in LSA-R.S. 13:4711 et seq. The trial court, after hearing the matter, issued a permanent injunction and an order of abatement.
LSA-R.S. 13:4713 B provides that, after a petition for an injunction has been filed, a preliminary hearing shall be held after which a preliminary injunction may be issued. Subsequently, an adversary hearing shall be held after which the court may issue an order granting a final injunction. LSA-R.S. 13:4713 C. When the word “shall” is used in the Revised Statutes, it is mandatory. LSA-R.S. 1:3; Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300 (La.App. 1 Cir.1991); State, Dept. of Revenue and Taxation v. Succession of Pope, 579 So.2d 1152 (La.App. 2 Cir.), writ denied, 585 So.2d 566 (La.1991). Therefore, under the clear wording of the statute and in accordance with the rules of statutory construction, LSA-R.S. 13:4713 B sets forth the procedure to be followed by the City in | ^obtaining an injunction or order of abatement. In the instant case, the trial court erred in granting a permanent injunction without first conducting a preliminary hearing.
For the foregoing reasons, the denial of the defendant’s exception of no cause of action is affirmed. The judgment issuing the injunction is vacated and this case is remanded for further proceedings not inconsistent with this opinion. All costs of this appeal, in the amount of $344.12, are taxed one-half to the City and one-half to Joseph S. DiVincen-ti, Sr.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.