KLEES, Judge.
On January 25, 1978, Joseph Bernstein commenced an action for partnership dissolution and liquidation. He alleged that he was a partner with Tilden and Edward L. Pick in the business known as “Spaghetti Eddie’s Warehouse and Boston Bar” and as such he had the unilateral right to withdraw from the partnership. He prayed *929 that the partnership assets be liquidated, that the partnership be dissolved, that the creditors be paid and that the court determine the amount of a royalty which he claimed he was entitled to by virtue of a separate agreement for his services, equipment, recipes, etc.
The trial court appointed a liquidator and ordered him to ascertain the debts of the partnership to the various creditors. Thereafter the liquidator disbursed approximately 55% of the value of the debts to the creditors who had filed claims in the liquidation pursuant to a judicial decree.
On the same date that the tableau of distribution was homologated, the court also rendered the following judgment:
“IT IS ORDERED, ADJUDGED AND DECREED THAT:
1. The claim of Weiner-Bernstein for storage charged is denied.
2. The bar is held to be movable and as such was sold with the other movables.
3. Those movables claimed by Mr. Bernstein as having been loaned by him or Turci’s to Spaghetti Eddie’s are recognized as such.
4. Mr. Bernstein is recognized as entitled to a royalty of 2% of gross sales, in 1977 of $688,582.00 and in 1978 of $270,400.00 or a royalty totaling $19,-179.00. This claim is secondary to the claims of other partnership creditors.
5. The prayer by Mr. Bernstein to have determined the effective date of his withdrawal from the partnership is denied as being a request for an advisory opinion.
JUDGMENT READ, RENDERED AND SIGNED, this 8th day of November, 1979.”
The appellants accept the first three portions of the judgment and appeal the latter two claiming that the court erred in not indicating the date of dissolution and by making a finding as to the management fee. They also assert that the finding relative to the management fee was premature.
The appellee, on the other hand, avers that the court erred when it denied the storage fee. However, the appellee has . failed to answer the appeal, and this Court will not consider this issue.
The trial judge was of the opinion that to disclose a dissolution date would be to render an advisory opinion, although requested to do so by appellants during the trial. It is clear from the colloquy between the Trial Judge and Mr. Greenberg, appellants’ attorney, that the Court properly excluded fixing a concluding date.
The trial court carefully considered whether a determination of the concluding date of the partnership would “terminate the uncertainty or controversy giving rise to the proceeding”, (See LSA CCP Art. 1876) and properly refused to render an advisory opinion.
Trial Court must render declaratory judgment where such judgment would terminate uncertainty or controversy giving rise to proceeding however within its sound discretion it may choose or refuse to render declaratory judgment which would not terminate such uncertainty. Morial v. Guste, 365 So.2d 289 (App. 4th Cir.1978) Writ refused 365 So.2d 1375 (La.1978).
The Trial Judge found that Bernstein was entitled to a royalty of 2% of gross sales for both 1977 and 1978, although he found that there were no funds from which to satisfy the claim.
Appellants contend that the judgment of the trial court was premature, as the partnership was never completely liquidated or alternatively, that' the fee is only payable out of partnership assets (of which there are none).
Our law recognized contributions by partners to the partnership.
LSA CC

Art. 2809 Elements of contribution by partners

Property, credit, skill and industry being the sources from which the profits of a partnership may be drawn, each of the partners may furnish either or all of *930 these, in such proportions as they may mutually agree.

Art. 2810 Credit as contribution

By credit, in the foregoing article, is meant not only a reputation for responsibility as to the pecuniary concerns, but also any quality or other circumstance that may acquire the good will of others, and contribute to the prosperity of the partnership.
In the present case the royalty or management fee was for the use of certain recipes, concepts and other benefits. This would appear to be in the nature of a credit, which is a contribution. In addition, the partnership agreement itself indicates that this is a contribution from Joseph Bernstein.
As far back as 1890 the jurisprudence has recognized that partnership contributions are generally not compensable. However, with a separate agreement the partners can agree that one or more of them should receive compensation for his or her contribution. Taylor v. Ragland, 42 La.Ann. 1020 8 So. 467 (1890). The parties in this instance did enter into a separate agreement specifically recognizing Mr. Bernstein’s contribution.
“For these purposes costs shall include a royalty payable to Joseph Bernstein in consideration of his contribution of recipes to Spaghetti Eddie’s equal to the amount of 2% of gross sales per month.” emphasis added.
While this is listed as a cost to be deducted from gross sales we conclude that it was an attempt to compensate Mr. Bernstein for his contribution.
A careful reading of the following language in Jeffries vs. Moore, 219 La. 692, 53 So.2d 898 (La.1951) leads us to conclude that as a contribution only the partnership “assets can be used to satisfy the amount due the appellee”.
In Martin v. Seabaugh, 128 La. 442, 54 So. 935, 937, it was said: “Nothing is better settled in our law than that a partner has no cause of action against his partner for any definite sum as representing his share of the profits of the partnership, but only for a settlement of the partnership. Seelye v. Taylor, 32 La. Ann. 1115; Hart v. McDonald, 52 La.Ann. 1686, 28 So. 169; Reddick v. White, 46 La.Ann. 1198, 15 So. 487,” See also Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45 and cases there cited.
Obviously then, it was improper to consider the individual demands of plaintiff and Moore in advance of a settlement of the partnership affairs. The reason for this is stated in Quintero v. Caffery, 160 La. 1054, 108 So. 87, 99, to be that “Partners, inter sese, are not liable as they would be to third persons, each for his share of the debt, but each partner is liable to the firm for what he has overdrawn, and the firm is liable to the other partner or partners for the balance due him or them.”
A partner may in some instances be a creditor of a partnership:
LSA CC

Article 2864, Partner as creditor of partnership

A partner may be a creditor of the partnership not only for the sums which he has disbursed, but likewise for the obligations he has entered into bona fide for the partnership, and for losses reasonably incurred in his administration.
The trial judge specifically stated that Mr. Bernstein was entitled to the management fee citing C.C. Art. 2823 to support the fact that Mr. Bernstein’s claim should come after the creditors.

Article 2823. Preference of partnership creditors on partnership property; rights of creditors of individual partner.

The partnership property is liable to the creditors of the partnership, in preference to those of the individual partner; but the share of any partner may, in due course of law, be seized and sold to satisfy his individual creditors, subject to the debts of the partnership; but such seizure, if legal, operates as a dissolution of the partnership.
And although the appellants contend that it was very premature for the court to *931 consider the management or royalty fee, as it is not to be considered until after the dissolution and liquidation of the partnership has been accomplished, it is clear to us that the dissolution and liquidation has been accomplished.
The partnership assets have been sold off, the various creditors have been paid on a pro-rata basis on their claims, and the partnership has been dissolved and liquidation accomplished. Accordingly, we conclude that the trial court was not premature in recognizing the claim of Bernstein for the royalty or management fee and fixing the amount due.
Accordingly, for the foregoing reasons the judgment appealed from is affirmed, costs to be borne by appellants.
AFFIRMED.