GUIDRY, Judge.
The defendant, Gordon Long, appeals the judgment of the trial court awarding plaintiff, Wayne Hairford, $3,000.00 for an alleged defamation. We reverse.
The remark which forms the basis of this suit was part of the defendant’s testimony as a witness in another defamation suit brought by the plaintiff. The suits arose as a result of the plaintiff’s expulsion from the Lake View Hunting Club. The board of directors of the club voted to expel the plaintiff on April 28, 1978. The plaintiff brought suit against two members of the board of directors, J.C. Meche and Burke Veillon. During the trial of the latter suit, Mr. Long, the secretary of the club and a board member, was called to testify regarding the vote to expel the plaintiff from the club. The defendant testified in part as follows:

“Q. Now on (sic) your April meeting, as I understand it, the Board of Directors, with one absent voted not to renew Mr. Hairford’s card, Mr. Wayne Hairford’s card.

A. Right.

Q. Do you recall whether the vote was unanimous or not of all those present?

*394
A. It was unanimous.”

Two other members of the board testified that there was in fact opposition to the motion to expel, in other words, that the vote to expel plaintiff from the club was not unanimous. The plaintiff thereafter brought this suit based on the defendant’s statement that the vote to expel the plaintiff was unanimous. The plaintiff claims that as a result of this misstatement of fact, he was refused membership in the Coonville Hunting and Fishing Club; he was refused employment by the club as a security guard; and, he was suspended from the Avoyelles Beagle Association.
The only issue we need address is whether the statement by the defendant, as a witness in this prior proceeding, is privileged. Our resolution of this issue makes it unnecessary to consider whether the statement was defamatory.
Testimony given by a non-litigant witness in a judicial proceeding carries with it an absolute privilege. Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (La.1969); Moity v. Busch, 368 So.2d 1134 (La.App. 3rd Cir.1979). This immunity is granted so that witnesses, bound by oath to tell the truth, may speak freely without fear of a civil suit for defamation. Bienvenu v. Angelle, supra; Moity v. Bush, supra. The defendant, who was not a party to the suit in which the testimony in question was given, is thus immune from a defamation suit based on that testimony.
The trial court erroneously relied on the cases of Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La.App. 4th Cir.1972) and Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir.1978). These cases hold that statements made by parties or their attorneys are entitled only to a qualified''privilege, subject to the requirement that the statement must be material to the litigation and must be made without malice and with probable cause. These cases are not in conflict with the rule that a non-litigant witness enjoys an absolute privilege.
We should not be understood as holding that the statement made by the defendant was in fact defamatory. A discussion of this issue is unnecessary in light of our resolution of the privilege issue.
For the above and foregoing reasons, the judgment of the trial court is reversed. All costs are assessed to plaintiff-appellee.
REVERSED AND RENDERED.