SAVOIE, Judge.
Plaintiff, Quality Manufacturing Co., Inc., appeals the dismissal of its suit for past due rent against defendant, Direct Factory Stores, Inc.
Plaintiff leased its building to defendant in February, 1981. The lease agreement was not reduced to writing until June, 1981. Under the terms of the lease, defendant was to pay as rent ten per cent of the net sales for each month. In April, 1982, a provision was added to the lease which provided a minimum guaranteed rental of $2,000.00 per month.
Until October, 1982, the amount tendered each month greatly exceeded the $2,000.00 minimum. In October and November, however, defendant tendered $2,000.00, stating that ten per cent of the net sales for each month was less than $2,000.00. Plaintiff filed suit in December, 1982, for past due rent, alleging, among other things, that defendant had not paid the amount due for October and November.
Defendant filed a peremptory exception, alleging that the petition failed to state a cause of action and moved that the suit be dismissed. After a hearing on the exception, the trial court granted the motion and dismissed plaintiffs suit. Plaintiff appeals.
Plaintiff alleges that the trial court erred in sustaining the exception of no cause of action and dismissing the suit.
The peremptory exception of no cause of action questions whether the law affords any remedy to the plaintiff under the allegations of the petition. If a remedy is provided, the exception must be overruled. The exception is triable solely on the face of the petition and any attached documents. No evidence may be introduced in support of the exception. La.C.C. P.art. 931. All well-pleaded facts are accepted as true and any doubts are resolved in favor of the sufficiency of the petition. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).
In paragraph XIII of the petition, plaintiff alleges that defendant's net sales for October and November, 1982, were at least $65,000.00 each month. Therefore, plaintiff claims defendant is liable to plaintiff for the sum of $13,000.00 for the two months rent.
We agree with plaintiff that these pleadings state a cause of action against defendant, regardless of the probabilities of ultimate success. The law clearly provides a remedy to plaintiff under the facts outlined above. Since all well-pleaded facts must be accepted as true and any doubts resolved in favor of the petition, the exception must be overruled. Accordingly, we find that the trial court erred when it sustained defendant’s exception of no cause of action.
For the foregoing reasons, the judgment of the trial court is reversed. The exception of no cause of action is overruled and this case is remanded for further proceedings. Defendant is to pay all costs of this appeal.
REVERSED AND REMANDED.