463 So.2d 754 (1985)
Ray E. LAUGA and Alcide W. Hernandez
v.
Ralph J. McDOUGALL and American Druggist Insurance Company.
Nos. CA2171, CA2172.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Ray E. Lauga, pro se.
Alcide W. Hernandez, pro se.
Emile L. Turner, Jr., Wilbur J. "Bill" Babin, Jr., New Orleans, for defendants-appellants.
Before REDMANN, GULOTTA and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a ruling by the trial court sustaining an exception of no cause of action filed by defendants Ralph J. McDougall and his insurer American Druggist Insurance Company.
McDougall was Sheriff of St. Bernard Parish, and plaintiffs were deputies within his department. Plaintiffs were investigated by federal authorities after a drug seizure, and plaintiffs appeared to be implicated in it. As a result of the investigation, McDougall testified before the U.S. Grand Jury which subsequently returned indictments against plaintiffs. Plaintiffs were then tried by a jury and found guilty of the charges. A motion for a new trial was granted, and the second jury trial resulted in plaintiffs' acquittals. McDougall testified at the motion for new trial and at both trials. After their acquittals, plaintiffs brought an action against McDougall for deliberately and willfully testifying falsely during the investigation into the smuggling activities as well as at the various hearings and trials held in federal court. Defendants filed a motion for summary judgment and exceptions of no cause and no right of action. The trial court dismissed the motion for summary judgment, but granted the exception of no cause of action. It is from this ruling that plaintiffs now appeal.
The issue involved in this appeal is whether the remarks made by McDougall during the investigation and during the court proceedings were privileged. The defendants argue that McDougall's remarks were based upon an absolute privilege, which carries with it absolute immunity from a defamation suit. Plaintiffs argue *755 that this privilege is qualified, and therefore should they prove malice, they will be allowed to recover.
Louisiana has granted absolute immunity in judicial proceedings to a non-litigant, or non-party, witness. See Moity v. Busch, 368 So.2d 1134, 1136 (La.App. 3d Cir.1979); Hairford v. Long, 430 So.2d 393, 394 (La.App. 3d Cir.1983); Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969). This rule has been followed by the Fourth Circuit in Freeman v. Cooper, 390 So.2d 1355, 1359 (La.App. 4th Cir.1980). Because McDougall was not a party to the grand jury proceedings or trials, he was allowed absolute immunity from prosecution for a defamation action.
The Louisiana Code of Civil Procedure provides that a party be allowed to amend a petition if such amendment would cure any defect that would normally be grounds for peremptory exception. La.C. Civ.Pr. art. 927. We, therefore, remand to allow plaintiffs a reasonable amount of time in which to do so.
AFFIRMED AND REMANDED.