483 So.2d 1099 (1986)
Susan Grieger Yasar wife of/and Tuncay YASAR
v.
Herman R. COHEN, M.D. and Jack Kushner, M.D., a Medical Corporation, and the Hartford Insurance Company.
No. CA-3368.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 1986.
Deborah D. Cunningham, Dominic J. Gianna, Hammett, Leake & Hammett, New Orleans, for defendants/appellees.
W.J. Manion, Slidell, for plaintiffs/appellants.
Before REDMANN, C.J., and BARRY, CIACCIO, LOBRANO and WARD, JJ.
LOBRANO, Judge.
The issue presented by this appeal is whether or not plaintiffs' petition state a cause of action upon which relief can be granted. The trial court maintained defendants' exception as to all relief sought, and hence dismissed plaintiffs' suit.
Plaintiffs allege that defendantdoctor negligently inserted an intrauterine device (IUD) and as a result plaintiff-wife gave birth to an unplanned, but healthy child. The prayer of plaintiffs' petition reads as follows:
a) For the tortious negligence of defendant alleged herein, plaintiffs pray for the sum of $100,000; and
b) For the cost of rearing and educating a child born due to aforesaid negligence, plaintiffs pray for the sum of $146,530.72 discounted at 7% to present value of $66,788.85, together with payment of all fees and costs plus legal interest from date of judicial demand and any other equitable relief.
c) Plaintiffs urge that benefits of parenthood, an issue of alleged medical negligence, be heard and determined by a jury as prayed for.
In essence, plaintiffs seek two items of damages for the alleged malpractice of defendant. They seek renumeration for plaintiff-wife's injuries and expenses, and they seek the costs of rearing an unborn child.
*1100 The peremptory exception of no cause of action questions whether the law affords any remedy to the plaintiff under the allegations of the petition. Quality Manufacturing Co., Inc. v. Direct Factory Stores, Inc., 451 So.2d 1335 (La.App. 1st Cir.1984). All well pleaded facts are accepted as true and any doubts are resolved in favor of the sufficiency of the petition. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977). No evidence may be introduced in support of the exception. La.C.C.Pro. Art. 931.
Despite defendants' argument to the contrary, we are satisfied that the allegations of the petition, if proven, will allow plaintiff-wife to recover for her own injuries, expenses, etc. When a petition states a cause of action as to any ground or portion of the demand the exception of no cause of action must be denied. Rodriguez v. American Bankers Insurance Company of Fla., 386 So.2d 652, 653 (La.1980). The purpose of this rule is to prevent piecemeal litigation and appeals. Since we have ruled that plaintiffs have stated a cause of action for at least one item of the damages sought, we decline to consider the other at this time. The preferable procedure is for the trial court to exclude those items of damages it believes improper. Plaintiffs can then include them by means of a proffer, and in any subsequent appeal all issues can be presented at one time. Rodriguez, supra.
Accordingly the judgment of the trial court is reversed, and the matter is remanded.
REVERSED AND REMANDED.