533 So.2d 115 (1988)
Sherri DAZET, et al.
v.
FRENCH MARKET HOMESTEAD.
No. CA-9190.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Brian P. Charboneau, Middleberg, Riddle & Gianna, Metairie, for plaintiffs/appellants.
June Y. Bass, Alvin J. Bordelon, Walker, Bordelon, Hamlin & Theriot, New Orleans, for defendants/appellees.
Before GULOTTA, C.J., and BYRNES, CIACCIO, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
This appeal is taken by plaintiffs from the dismissal of their suit on exceptions of prematurity and no cause of action.
By petition and supplemental petition, plaintiffs seek a declaratory judgment that they are not personally liable on a mortgage note held by defendant, French Market Homestead (FMH), and, that they suffered damages as a result of French Market's "threatened" suit on the note, and their refusal to go forward with a purported compromise agreement.
In his written reasons for judgment, the trial court held that French Market's "... exercise of rights available ... pursuant to *116 the Acts of Mortgage and other security devices forms no basis for liability ...," therefore no cause of action is asserted. And further, since the plaintiffs have sustained no damages as a result of the alleged acts of defendant, the claim is premature. We reverse and remand.
Essentially, plaintiffs' petition asserts that they purchased, individually, a certain piece of property from FMH. The property was financed by FMH and secured by a note and mortgage. Subsequently, the property was sold, by cash sale and assumption, to a corporation wholly owned by plaintiffs.
Plaintiffs further allege that their intent in selling to the corporation was to avoid personal liability on the note, and that FMH, and its employees, were aware of this intent and assured plaintiffs their intent would be accomplished.
The petition further asserts that when the corporation experienced financial difficulties, it was required to seek protection under the bankruptcy laws. At that point, plaintiffs allege they attempted to negotiate the indebtedness but FMH arbitrarily refused. In particular it is asserted that an officer of FMH arbitrarily rejected an offer by a third party to purchase the corporation and assume the debt.
Petitioners allege they sustained damages as a result of the actions of FMH and the named officers, by threatening to file suit, and in failing to consummate an agreed upon compromise and settlement. They also allege that the cash sale and assumption was not properly executed, and that portions of it were filled in after it was executed.
PREMATURITY
Plaintiffs argue that they are not required to wait until they are sued before asserting their "non-personal" liability on FMH's note. We agree.
The action for a declaratory judgment is governed by the provisions of Code of Civil Procedure Articles 1871, et. seq. These codal provisions authorize a judicial declaration of "rights, status and other legal relations whether or not further relief is or could be claimed." La.C.C.Pro.Art. 1871. Any interested person affected by legislation, contract or franchise "may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder." La.C.C.Pro. Art. 1872.
The purpose of these codal provisions is to "... create a procedural device by which the courts may make a declaration of rights without executory or coercive relief. These articles are remedial in nature and must be liberally construed." Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9, 11 (1964). The basic prerequisite for the exercise of this procedure is the requirement of a "justiciable controversy." Hainkel v. Henry, 313 So.2d 577 (La.1975).
We conclude that plaintiffs' pleadings clearly seek a judicial declaration that they are not personally liable on the subject note. Certainly they seek resolution of a justiciable controversy.
FMH argues that there is no real controversy until it is determined there will be a "deficiency" owed after foreclosure thus subjecting plaintiffs to personal liability. We disagree. The declaratory judgment articles afford relief from uncertainty and insecurity with respect to legal obligations. La.C.C.Pro.Art. 1880. They provide a remedy before controversies lead to the repudiation of obligations and the commission of wrongs. Gary v. Marquette Cas. Co., et al, 72 So.2d 619 (La.App. 1st Cir. 1954). The fact that the plaintiffs in this case have an affirmative defense in the event FMH files suit does not preclude them from seeking relief via an action for declaratory judgment. The petition therefore is not premature.
FMH also argues that it is within the trial court's discretion whether or not to render a declaratory judgment, citing, Morial v. Guste, 365 So.2d 289 (La.App. 4th Cir.1978), writ refused, 365 So.2d 1375 (La.1978). We disagree. The holding of Morial v. Guste, supra, suggests trial court discretion is permitted when a declaratory judgment would not terminate litigation. *117 See, Bernstein v. Pick, 421 So.2d 928 (La.App. 4th Cir.1982). In the instant case, a ruling in favor of plaintiffs would certainly terminate any litigation as to their personal liability, thus the trial court must entertain and decide this declaratory action.
NO CAUSE OF ACTION
The exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception. La.C.C.Pro. Art. 931 All well pleaded allegations must be assumed as true, and any doubt resolved in favor of the petition. Darville v. Texaco, 447 So.2d 473 (La.1984); Barnett v. Develle, 289 So.2d 129 (La.1974). An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise on which the defense is based. Darville v. Texaco, supra.
The petition clearly states a claim for declaratory relief with respect to the personal liability of the plaintiffs on FMH's note. In essence, the allegations are sufficient to assert, at the least, mistake or error in the sale and assumption to the corporation, thus raising the legal question of whether their personal liability was extinguished.
The jurisprudential rule is clear that "[w]hen a petition states a cause of action as to any ground or portion of the demand the exception of no cause of action must be denied." Yassar v. Cohen, 483 So.2d 1099 (La.App. 4th Cir.1986), at 1100, citing Rodriguez v. American Bankers Insurance Co. of Fla., 386 So.2d 652 (La.1980). The reason behind the rule is to prevent piecemeal litigation and appeals.
Plaintiffs have combined a claim for damages with their action for declaratory relief. However, since we have determined the petition states a claim for declaratory relief and must be remanded, we decline to discuss the other allegations of the petition on a piecemeal basis. Perhaps, FMH's defenses to those allegations are more properly addressed by the exception of improper culmination of actions, or by a motion to sever for trial. These issues, however, are not before us.
REVERSED AND REMANDED.
CIACCIO, J., dissents with reasons.
WILLIAMS, J., dissents for reasons assigned by CIACCIO, J.
CIACCIO, Judge, dissenting.
I believe that the trial judge properly exercised his discretion in refusing to entertain this suit for declaratory judgment.
The Court, in Morial v. Guste, 365 So.2d 289 (La.App. 4th Cir.1978), stated:
"The answer to appellant's first argument is contained in Code of Civil Procedure Article 1876, which clearly states the trial judge "may" refuse to render a declaratory judgment which, if rendered, would not "terminate the uncertainty or, controversy giving rise to the proceeding." The use of the verb "may" makes the rendition of such a judgment permissive within the sound discretion of the trial court. We understand Article 1876 to mean the trial court must render a declaratory judgment when such a judgment would terminate the uncertainty or controversy giving rise to the proceeding but, within his sound discretion, he may choose or refuse to render a declaratory judgment which would not terminate such uncertainty. The trial court's wide discretion in giving or refusing declaratory relief is recognized in the jurisprudence."
Applying these principles, did the trial judge abuse his wide discretion in maintaining the exception of prematurity? I find that he did not. Appellants do not attack the notes and mortgages because of any irregularity on their face nor do they allege that their signatures are forgeries. They assert defenses based solely on parol evidence which may be inadmissible or may be disbelieved by the trial judge who must make credibility determinations if the case goes to trial.
In addition, the matter in controversy may not be resolved by those proceedings but will probably lead to a multiplicity of *118 litigation with potential appeals from the judgment in this suit and any judgment rendered in connection with a suit for a deficiency judgment.
Allowing a mortgage debtor, under the facts of this case, to litigate his potential personal liability in anticipation of future collection efforts by means of these declaratory proceedings will open the floodgates of future litigation on the part of mortgagors who have not been sued but who, for whatever reasons, elect to use the judicial process to litigate their potential personal liability in anticipation of a claim for a deficiency judgment.
The judgment of the trial court should be affirmed and appellants should be required to assert their defenses to any deficiency in those proceedings.