596 So.2d 843 (1992)
John E. SPELLMAN
v.
Nina DESSELLES, Pamela Hosch, and Hudson J. Hernandez, Jr.
No. 91-CA-0779.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1992.
*844 John F. Rowley, Dist. Atty. and Walker H. Drake, Jr., Asst. Dist. Atty., Chalmette, for defendants/appellees Nina Desselles and Pamela Hosch.
Salvador E. Gutierrez, Jr., New Orleans, for defendant/appellee Hudson Hernandez, Jr.
John E. Spellman, in pro. per., plaintiff/appellant.
Before LOBRANO and ARMSTRONG, JJ., and TREVOR G. BRYAN, Judge Pro Tem.
TREVOR G. BRYAN, Judge Pro Tem.
Plaintiff, John E. Spellman, appeals the trial court's granting of defendants' peremptory exception of no cause of action. Plaintiff sued the defendants alleging that they committed defamation when they testified against him at his criminal trial for forgery. The trial court held that as non-litigant witnesses in a judicial proceeding defendants enjoy absolute immunity.
On December 4, 1986, plaintiff, John Spellman, was tried and convicted of a violation of L.S.A.-R.S. 14:72, which involved an attempt to defraud Peoples Bank & Trust Company of St. Bernard by cashing a forged check. Defendant, Pamela Hosch, testified at the trial that she was the teller to whom the forged instrument was presented and she identified plaintiff as the person who presented her with the check. Ms. Hosch further testified that she did not personally know the defendant prior to this date. Defendant, Hudson J. Hernandez, Jr. one of the police officers who responded to the call, testified as to the investigation and subsequent arrest of Spellman.
The defendant was subsequently sentenced to twenty years at hard labor as a multiple offender. He appealed his conviction and sentence to this Court. In State v. Spellman, 547 So.2d 1361 (La.App.1989), another panel of this Court affirmed the conviction but vacated the sentence and remanded the matter for a new multiple bill hearing.
Spellman sought writs to the Louisiana Supreme Court. The court, in State v. Spellman, 562 So.2d 455 (La.1990) reversed the conviction on the grounds that Spellman was forced to stand trial in prison clothing, and remanded for a new trial.
On September 13, 1990, Spellman was tried again and found guilty of forgery. Defendants, Pamela Hosch, Nina Desselles, another employee of Peoples Bank & Trust Co., and Hudson J. Hernandez, Jr. testified at the trial as state witnesses.
*845 Subsequently, on December 14, 1990, plaintiff initiated the present litigation. The District Attorney's Office for the Parish of St. Bernard, on behalf of the State's witnesses, Pamela Hosch and Nina Desselles, filed a peremptory exception of no cause of action alleging they were non-litigant witnesses in a judicial proceeding and enjoyed absolute immunity. Defendant, Hudson J. Hernandez, Jr. also filed a peremptory exception of no cause of action on the same basis.
After reviewing the pleadings, the trial court maintained defendants' exception of no cause of action and dismissed plaintiff's suit.
On appeal, plaintiff argues that his petition sets forth an action not only in defamation but also for malicious prosecution.
A peremptory exception of no cause of action is triable solely on the face of petition and attached documents. No evidence may be introduced in support of the exception. L.S.A.-C.C.P. article 921; Quality Mfg. Co., v. Direct Factory Stores, Inc., 451 So.2d 1335 (La.App. 1st Cir.1984). The elements of a cause of action for malicious prosecution are not stated in plaintiff's petition.
An action for malicious prosecution requires (1) the commencement or continuance of an original criminal or civil judicial proceedings, (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding, (3) its bona fide termination in favor of the present plaintiff, (4) the absence of probable cause for the proceeding, (5) the presence of malice therein, and (6) damage conforming to legal standards resulting to the plaintiff. Johnson v. Pearce, 313 So.2d 812 (La.1975). Plaintiff's petition clearly fails to set forth the allegations needed to allege a cause of action for malicious prosecution. There are no allegations that the criminal trial acquitted plaintiff. Nor are there any allegations that probable cause did not exist for the criminal proceeding.
In order to maintain an action for defamation, the plaintiff must allege and prove (1) defamatory words, (2) publication, (3) falsity, (4) malice, actual or implied and (5) resulting injury. Brannon v. Wyeth Laboratoriers, Inc., 526 So.2d 1101 (La. 1988). Plaintiff's petition, if read liberally, does allege a cause of action in defamation. However, this Court in Lauga v. McDongall, 463 So.2d 754 (La.App. 4th Cir.1985) and Freeman v. Cooper, 390 So.2d 1355 (La.App. 4th Cir.1980), has recognized that non-litigant witnesses are entitled to absolute immunity from prosecution for a defamation action based upon their in court statements. Accordingly, the trial court did not err in maintaining defendants' exception of no cause of action and dismissing plaintiff's suit.
Defendants, in their brief, urge us to find plaintiff's appeal frivolous and award damages and attorney fees. Cf. L.S.A.-C.C.P. article 2164. However, for us to make such an award the party entitled to such damages must have appealed or answered the appeal. Arnoult v. Arnoult, 498 So.2d 749 (La.1986); Bouzon v. Bouzon, 527 So.2d 357 (La.App. 5th Cir. 1988). The defendants in this case did not file an appeal nor did they answer the appeal. Thus, although we agree that this appeal is frivolous, we are unable to grant defendants' request for damages for frivolous appeal.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.