598 So.2d 582 (1992)
SEARS, ROEBUCK & CO.
v.
Edward APPEL.
No. 91-CA-0643.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1992.
Delores M. Crosbie, Chalmette, for defendant-appellee.
Favret, Favret, Demarest & Russo, Edward J. Rivera, New Orleans, for plaintiff-appellant.
Before BYRNES, LOBRANO and ARMSTRONG, JJ.
BYRNES, Judge.
Sears, Roebuck & Co. ("Sears") appeals from the trial court's adjudication denying the recognition of a vendor's lien on a Sears VCR purchased by Mr. Appel on an open account.

FACTS
On December 12, 1988 Mr. Edward Appel purchased a VCR for $216.19 on credit from Sears. After that time he made two more purchases for $374.60 on the account which was offset by $552.17 in payments and credits. On September 15, 1989 Mr. Appel filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana. Sears was listed as a creditor for the remaining $1,679.36 balance on his account. After Mr. Appel was discharged in bankruptcy, Sears filed an in rem proceeding in civil district court to enforce a vendor's lien on the VCR. Mr. Appel denied possession of the VCR in his answer to the petition and asserted that a vendor's lien on the VCR was never claimed as part of his bankrupt estate and never was disclaimed or abandoned by the bankruptcy trustee. Mr. Appel did not appear but was represented by counsel at trial. Ruling against Sears, the district court found that Sears failed to prove that the VCR was in the possession of Mr. Appel. From that decision Sears appeals.

ASSIGNMENT OF ERROR
Sears presents two assignments of error. Sears contends that the trial court erred in finding that Sears failed to prove each element of its claim for a vendor's lien. Sears also contends that the trial court erred by not applying the presumption of unfavorable *583 testimony by defendant due to his absence at trial. Mr. Appel responded to Sear's brief seeking damages for a frivolous appeal pursuant to Rule 2-19.

SCOPE AND COURSE
In the first assignment of error, Sears contends that the trial court erred in finding that Sears failed to prove each element of its claim for a vendor's lien. La.C.C. Art. 3227 states:

Vendor's privilege on movables; ...
He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.
In his answer, Mr. Appel denied possession of the VCR. Sears presented one witness at trial, Mr. Livingston, Sears' local special accounts manager. Under cross-examination Sears' witness admitted having no personal knowledge as to the issue of Mr. Appel's possession; however, he stated that another Sears' representative, Miriam Gifford, stated to him that Mr. Appel admitted having possession of the VCR at a previous hearing. Proof by a preponderance of the evidence exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). Sears argues that the hearsay evidence was admissible and constituted sufficient evidence to meet its burden of proof because the defendant failed to object to the evidence. However, the trial court noted that the evidence was clearly hearsay. Because Sears presented no actual evidence upon the issue of possession, it did not establish a prima facie showing of a vendor's lien. Thus this assignment is without merit.
In its second assignment of error, Sears contends that the trial court failed to apply a presumption of unfavorable testimony because Mr. Appel did not testify due to his absence at trial. However, the defendant is not required to provide a defense if the plaintiff does not meet its burden of proof. Sears had to establish a prima facie showing that Mr. Appel had possession of the VCR. As stated by the trial court, Sears did not meet its burden. Thus Mr. Appel was not required to present a defense. Therefore this assignment has no merit.
In response to the Mr. Appel's request for damages under Rule 2-19 for frivolous appeal, we can not grant an award of attorney fees. La.C.C.P. art. 2164 provides:

Scope of appeal and action to be taken; costs
The Appellate court shall render any judgement which is just, legal, and proper upon the record of appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part there of, against any party to the suit, as in its judgement may be considered equitable.
Sears' appeal lacks any legitimate merit. Sears only called one witness at trial, an employee, and that witness had no personal knowledge as to the issue of possession. Sears should have known this before trial, and was aware of this upon filing its appeal. Sears' argument that the witness's hearsay testimony should have been accepted by the trial court to constitute the necessary prima facie showing is frivolous. However, La.C.C.P. art. 2133 states:

Answer of Appellee; when necessary
An Appellee shall not be obliged to answer the appeal unless he desires to have the judgement modified, revised or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer of the appellee shall be equivalent to an appeal on his part from any portion of the judgement ruled against him and of which he complains in his answer. [Emphasis added.]
*584 Although an appellee may be entitled to an award, no assessment of damages or attorney fees can be considered where the appellee neither appealed or answered appellant's appeal. Arnoult v. Arnoult, 498 So.2d 749 (La.1986); Dull v. Gibbs, 577 So.2d 806 (La.App.2d Cir.1991). A brief submitted by the appellee does not satisfy the requirement of La.C.C.P. art. 2133. Ward v. Schwegmann Giant Supermarkets, Inc., 538 So.2d 1051 (La.App. 4th Cir. 1989).
For the foregoing reasons, we affirm the trial court's decision with costs assessed to Sears.
AFFIRMED.