600 So.2d 791 (1992)
SUCCESSION OF Joyce Bordes, Wife of Herbert Henry BLEULER.
No. 92-CA-93.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
*792 Edmond G. Miranne, Jr., New Orleans, for plaintiff-appellant.
Leslie E. Le Doux, II, Steven D. Oliver, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Harvey, for defendant-appellee.
Before BOWES, GAUDIN and WICKER, JJ.
GAUDIN, Judge.
This is an appeal by Herbert H. Bleuler, Jr. from a judgment of the 24th Judicial District Court terminating a usufruct in his favor. Appellees are Mr. Bleuler's two children. We affirm.
On appeal, Mr. Bleuler assigns these errors:
1. The trial court failed to recognize that the proceedings instituted by appellees by motion filed on August 16, 1991, being summary in nature, rendered the proceeding absolutely null.
2. Declaratory relief must be sought through ordinary proceedings. The trial court may not grant declaratory relief pursuant to a summary proceeding.
In district court, appellees filed a motion to end the usufruct because of Mr. Bleuler's remarriage. A prior judgment of possession had recognized Mr. Bleuler as owner of one-half of his deceased wife's estate with a usufruct over the remaining half. Following notice, a hearing was scheduled for September 20, 1991. Both Mr. Bleuler and his attorney were present. The trial judge was then advised by Mr. Bleuler's attorney that there was no objection to the termination of the usufruct.
Appellees argue that Mr. Bleuler should not be able to appeal a judgment he consented to. Of more significance, we believe, is the fact that Mr. Bleuler made a general appearance without objecting to either (1) the alleged unauthorized use of summary proceedings or (2) the lack of proper service of process. By so doing, he waived his procedural right to assert either objection. LSA-C.C.P. arts. 925 and 926 state clearly that (1) alleged unauthorized use of summary proceedings, a dilatory exception, and (2) alleged insufficiency of service, a declinatory exception, are waived unless pleaded before an appearance.
Appellant's second assignment of error relates to the supposed declaratory nature of the district court proceeding. The attempt to terminate the usufruct, however, was not declaratory in nature.
Appellees ask that we award attorney fees and/or damages because Mr. Bleuler's appeal was and is frivolous; however, appellees neither answered the appeal and specifically requested sanctions nor did they file an appeal of their own. They did file a motion to dismiss Mr. Bleuler's appeal, which was referred to the hearing panel for consideration when oral arguments were scheduled, but this is not procedurally sufficient. Further, at least one member of the panel does not feel sanctions are due even if properly asked for.
We affirm the judgment of the district court dated October 4, 1991 with Mr. Bleuler to bear costs of this appeal.
AFFIRMED.