625 So.2d 1122 (1993)
Gabriel FONTENOT
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Office of Motor Vehicles.
No. 92 CA 1874.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*1123 Daniel J. McGlynn, Baton Rouge, for plaintiff-appellee Gabriel Fontenot.
William A. Bass, II, Baton Rouge, for defendant-appellant State of Louisiana, Dept. Public Safety and Corrections, Office of Motor Vehicles.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This appeal arises out of a trial court judgment, which recalled the Department of Public Safety's suspension of plaintiff's driving privileges.

FACTS
By letter dated November 27, 1991, the Department of Public Safety directed plaintiff, Gabriel Fontenot, to report for an "interview" with the motor vehicle police on December 7, 1991. The letter alleged that Fontenot had unlawfully used a driver's license, a violation of LSA-R.S. 32:414.1.
Fontenot attended the interview on December 7, 1991. By notice dated January 20, 1992, Fontenot was advised that his license was being suspended for one year. The notification form indicated that the date of the incident for which plaintiff's license was being suspended was November 16, 1991. It also indicated that Fontenot had thirty days from the date of the notice to file a petition in district court to challenge the legality of the suspension or to apply for a hardship license.
On February 10, 1992, Fontenot sought judicial review of the suspension of his driving privileges by filing a "Petition for Judicial Review of Suspension of Petitioner's Driving Privileges or Additionally and/or Alternatively, Petition for Judicial Hardship Driver's License." After a hearing on July 23, 1992, the proposed one-year suspension of Fontenot's driving privileges was recalled. The Department of Public Safety suspensively appealed the trial court's judgment, assigning the following error:
The trial court erred in holding that the investigation letter of Defendant of November 27, 1991, was misleading and an administrative hearing is mandatory prior to suspension pursuant to unlawful or fraudulent use of a driver's license.
On July 13, 1993, Fontenot filed an application for stay order and attorney's fees with this court, which was referred to the merits by order dated July 29, 1993.

BURDEN OF PROOF
When one invokes the right to a hearing to review the suspension of his driving privileges, it is incumbent on the Department of Public Safety to prove by competent evidence the facts on which the suspension is based. Bizette v. State, Department of Public Safety, 583 So.2d 875, 878 (La.App. 1st Cir.1991), abrogated on other grounds by Flynn v. State, Department of Public Safety & Correction, 608 So.2d 994, 999 (La.1992); State, Department of Public Safety, Drivers' License Division v. Moore, 311 So.2d 20, 23 (La.App. 2nd Cir.1975). The hearing in the trial court was not a review of the findings of the administrative agency; rather, it was a hearing to determine if, in fact, Fontenot had *1124 unlawfully used his license on the alleged incident date. See State, Department of Public Safety, Drivers' License Division v. Moore, 311 So.2d at 23. In the instant case, the burden was on the Department of Public Safety to prove its allegation that Fontenot unlawfully used his license on November 16, 1991.
The evidence adduced at trial consisted of the testimony of plaintiff and his father, Joseph Fontenot. Fontenot testified that he did not remember where he was on November 16, 1991, but that he certainly did not commit any sort of violation involving a driver's license on that date. On November 16, 1991, the alleged violation date, Fontenot had graduated from high school, reached the age of majority, and secured employment. Fontenot testified that on the alleged date, he did not attempt to enter a bar with an altered license. When asked whether he could give any explanation for the allegations against him, Fontenot explained that, in June of 1990 while he was still a minor, he used an altered driver's license to gain entrance into a bar. He indicated that the doorman confiscated the driver's license and called his father to pick him up. The doorman then told Fontenot and his father that the license would be held, but that no action would be taken against Fontenot as long as he did not attempt to reenter the bar while he was still a minor. Fontenot testified that he did not attempt to reenter the bar. Fontenot's testimony was corroborated by that of his father, Joseph Fontenot.
After reviewing the record in its entirety, we find that the Department of Public Safety did not offer any evidence to show that, on the date of the alleged violation, Fontenot unlawfully used an altered driver's license. Accordingly, we find that the trial court did not err in recalling the suspension of Fontenot's driver's license. The Department of Public Safety failed to prove by competent evidence the facts on which the suspension was based, more particularly, that Fontenot unlawfully used his driver's license on November 16, 1991. See Bizette v. State, Department of Public Safety, 583 So.2d at 878.

STAY ORDER
In his application for stay order, Fontenot contends that he is in desperate need of a permanent or temporary license or a conversion of the Department of Public Safety's appeal into a devolutive one so that he may legally drive during the pendency of the appeal.
A suspensive appeal, by its very nature, suspends the execution of a trial court judgment. See LSA-C.C.P. art. 2123. Except as otherwise provided by law, an appellant may suspensively appeal a trial court judgment upon compliance with the requirements of LSA-C.C.P. art. 2123.
In the instant case, Fontenot does not contend that the Department may not legally suspensively appeal the trial court judgment. Nor does Fontenot cite any provision in the law which prohibits a suspensive appeal from a trial court judgment reversing the suspension or revocation of driving privileges.
Moreover, Fontenot did not request an expedited appeal in late 1992, when the Department's appeal was initially filed. Nor has he done so at anytime subsequent to the filing of the appeal. Instead, Fontenot requested "expedited action" on the Department's appeal in July of 1993, when he filed an application to stay the suspension of his driving privileges.
Finally, the laws governing hardship licenses are the proper vehicle through which Fontenot should seek redress, if he is eligible for a hardship license and if he can establish his entitlement to one.
Based on the above, the application for stay is denied.

ATTORNEY'S FEES
In his application for stay order, Fontenot also sought an award of attorney's fees because the Department of Public Safety filed a "frivolous and unnecessary suspensive appeal (as opposed to a devolutive appeal)," which necessitated the filing of the instant application for stay order.
It is well settled in Louisiana that attorney's fees are not recoverable unless authorized by statute or contract. State, Department *1125 of Transportation and Development v. Williamson, 597 So.2d 439, 441 (La. 1992); Benoit v. Fleet Finance, Inc., 602 So.2d 182, 185 (La.App. 3rd Cir.1992); Dier v. Hamilton, 600 So.2d 117, 121 (La.App. 2nd Cir.1992). Contrary to Fontenot's assertion that he is entitled to attorney's fees, attorney's fees are not recoverable simply because a party exercises his right to file a suspensive appeal as opposed to a devolutive appeal, thereby suspending the execution of the trial court judgment.
Although LSA-C.C.P. art. 2164 provides for damages for frivolous appeals, such damages are not proper where the party does not appeal or answer the appeal. LSA-C.C.P. art. 2133; Succession of Bleuler, 600 So.2d 791, 792 (La.App. 5th Cir.1992); Sears, Roebuck & Co. v. Appel, 598 So.2d 582, 584 (La.App. 4th Cir.1992); Spellman v. Desselles, 596 So.2d 843, 845 (La.App. 4th Cir.), writ denied, 605 So.2d 1080 (La.1992).
In the instant case, Fontenot did not appeal or file an answer. In his application for a stay, Fontenot requested attorney's fees for the frivolous appeal by the Department of Public Safety, which application was referred to the merits. However, this request is not procedurally sufficient. See Succession of Bleuler, 600 So.2d at 792; Sears, Roebuck & Co. v. Appel, 598 So.2d at 584; Spellman v. Desselles, 596 So.2d at 845.
Therefore, we find that Fontenot did not properly preserve his request for attorney's fees, and we find it unnecessary to discuss whether the appeal taken by the Department of Public Safety was frivolous.

CONCLUSION
For the reasons set forth above, the judgment of the trial court, recalling the suspension of Fontenot's license, is affirmed. Costs of this appeal, in the amount of $292.15, are assessed against the Department of Public Safety.
AFFIRMED; STAY DENIED.
GONZALES, J., agrees and assigns additional reasons.
GONZALES, J. concurring.
I concur in the result reached in the majority opinion. The Department of Public Safety had the burden of proof in a trial de novo to prove by legal, competent evidence that the suspension of Mr. Fontenot's driver's license was warranted. The Department put on no evidence. In view of the jurisprudence in this area, and the fact that no evidence was presented, I wonder why an appeal was even taken in this case.