|! LANDRIEU, Judge.
Appellant, John O’Brien, appeals the granting of defendant Rhonda Melerine’s Exception of Prescription filed on behalf of the minor child, Christopher Michael O’Brien, in his suit for disavowal. After a hearing on the exception, the trial court held that Mr. O’Brien failed to file his disavowal action *1366 •within the 180 day period provided for in La.Civ.Code Ann. art. 189 (West 1993). We reverse.
Christopher O’Brien was born on October 30, 1987. On January 16, 1988, Rhonda Melerine and John O’Brien were married. Approximately two months later, in March of 1988, John O’Brien placed his name on Christopher’s birth certificate identifying himself as the father. The couple subsequently divorced on December 22,1992. On December 16, 1993, John O’Brien instituted the present action for disavowal of the minor child Christopher. Ms. Melerine filed a peremptory Exception of Prescription which was granted by the trial court. Mr. O’Brien appeals that judgment. The sole issue on appeal is whether the trial court erred in finding that Mr. O’Brien’s action for disavowal had prescribed under La.Civ.Code Ann. art. 189 (West 1993).
Article 189 sets forth that “a suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child....” The article also states that this period shall be suspended if the husband is not able to file suit timely for reasons beyond his control.
Mr. O’Brien argues that the code article does not apply to him. Specifically, he contends that the use of the term “husband” in Article 189 was deliberate and that the article should be interpreted as only applying where the child at issue is born or conceived during the marriage. In support of his contention, he asserts that the intention behind the use of the term “husband” was an effort to “curtail the breaking up of the family unit,” and that in the instant case no family unit was established until he was deceived into believing he was the biological father of the child. He urges that because he was not married to Ms. Melerine at the time of the birth of the minor child, Article 189 does not apply to him.
Mr. O’Brien testified that he began to suspect that Christopher was not his child approximately five months into his marriage due to the child’s appearance. He also testified that Ms. Melerine told him definitively that the child was not his son at some point prior to his filing for a divorce on October 25, 1992. He did not file the present disavowal action until almost a year later. Both Mr. O’Brien and Ms. Melerine identified the child’s biological father as Mr. Kevin Williams.
The prescriptive provision at issue is found in the Louisiana Civil Code Title VII, Chapter 2., § 1. art. 189 (West), entitled “Of Legitimacy Resulting From Marriage.” (emphasis added). In order to apply the 180 day prescriptive period set forth in Article 189 to Mr. O’Brien, this Court must first determine whether Christopher was validly acknowledged by Mr. O’Brien and/or | ^legitimated by the marriage of Mr. O’Brien and Ms. Mele-rine.
The record clearly establishes that the minor child was not conceived or born during the existence of the marriage between Ms. Melerine and Mr. O’Brien, nor was the child born less than 300 days after the dissolution of their marriage. See La.Civ.Code Ann. arts. 184 and 185 (West 1993). Therefore, Mr. O’Brien is not presumed to be the father of the child. In the absence of a presumption of paternity created by La. Civ. Code arts. 184 and 185, an acknowledgment, under La.Civ.Code art. 203 (West 1993, of an individual by a person other than a biological parent does not establish that person’s paternity). McKinley v. McKinley, 631 So.2d 45, 48 (La.App. 2nd Cir.1994) (citing Jordan v. Taylor, 568 So.2d 1097 (La.App. 4th Cir. 1990)). Such acknowledgment can only be made by a father or mother of that individual. Accordingly, a recording of a person’s name on the child’s birth certificate by someone other than that child’s natural parent is without legal effect. Id. (emphasis added).
Furthermore, La.Civ.Code Ann. art. 198 (West 1993), sets forth the sole method by which a child can be legitimated by the subsequent marriage of his parents: “[illegitimate children are legitimated by the sub *1367 sequent marriage of their father and mother, whenever the latter have formally or informally acknowledged them as their children, either before or after the marriage. The Louisiana Supreme Court has determined that Article 198 has two distinct requirements; the biological father must marry the biological mother after the birth of the child, and the parents must formally or informally acknowledge the children. Chatelain v. State of Louisiana, DOTD, 586 So.2d 1373 (La.1991). These requirements have not been established by the record.
To interpret the articles otherwise would do violence to the laws of inheritance and forced heirship. While the disavowal articles were clearly ^designed to protect innocent children from belated attacks on their paternity, Article 189 does not prevent Mr. O’Brien from pursuing this course of action. Nor would Mr. O’Brien’s legitimate heirs, in the event of his death, be constrained by the time limit set forth in La.Civ. Code art. 190 (West 1993), from contesting his paternity.
As Mr. O’Brien is not the presumed father under La.Civ.Code Ann. arts. 184 and 185, and his name on the child’s birth certificate is without legal effect, his action lies not in disavowal, but rather in an action for declaratory relief. The function of a declaratory judgment is to establish the legal rights, duties or status of the parties involved in the litigation. Dazet v. French Market Homestead, 533 So.2d 115, 116 (La.App. 4th Cir. 1988). The declaratory judgment articles afford relief from uncertainty and insecurity with respect to legal obligations. Id. at 116. Although Mr. O’Brien styled his petition as one for disavowal, he clearly seeks to have his status and/or duties relative to the minor child determined by the court. Accordingly, he has set forth a cause of action for declaratory relief.
For the foregoing reasons, we reverse the judgment of the trial court and remand the matter for further proceedings in accordance with this opinion.

REVERSED and REMANDED.