729 So.2d 172 (1999)
Thelma COUVILLION
v.
JAMES PEST CONTROL, INC., et al.
No. 98-CA-2382.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 1999.
*173 Michael H. Hogg, Rodney K. Littlefield, Perlis & Hogg, New Orleans, Louisiana, Counsel for Defendant/Appellee.
John G. Alsobrook, Law Office of John G. Alsobrook, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, Sr.
PLOTKIN, Judge.
The plaintiff in this matter, Thelma Couvillion, filed suit on August 15, 1996, against defendants James Pest Control (James) and Couhig Southern Environmental Services of New Orleans, Inc. (Couhig) for damage sustained to her property located at 3724 General Meyer in Algiers. The damage is the result of termite infestation, which she claims was caused by the negligence of the defendants.

FACTS:
In January of 1980, Ms. Couvillion entered into a contract with James for the latter to provide termite inspections and treatments to her property to prevent termite infestation. The contract called for an initial payment of $479.00 for the first treatment, and $60.00 per annum thereafter to continue and renew the original contract. In August of 1995, James entered into an assets acquisition agreement with Couhig, whereby Couhig purchased the business interests of James. Furthermore, Couhig specifically agreed that:
Purchaser [Couhig] shall not be assuming any leases, debts or employe [sic] or other obligations of the Seller [James] in any manner whatsoever, except as related to the ongoing service contracts, which contracts Purchaser [Couhig] agrees to assume and to hold Seller [James] harmless in connection therewith.
Once the sale was perfected, Couhig assumed responsibility for the termite inspections and treatments for which James had previously been responsible if the customers' contracts were ongoing.
In light of the above clause in the purchase agreement, on November 20, 1997, James sought a declaratory judgment to interpret the respective rights of itself and Couhig, contending, that Couhig had agreed to hold James harmless in any action associated with an ongoing termite service contract. The trial court, on May 27, 1998, signed the judgment granting James' declaratory judgment and finding that Couhig had agreed in the asset acquisition agreement to hold James harmless. Couhig appeals from that judgment. *174 We hold that there was not a justiciable controversy at the time James sought its declaratory judgment and reverse.

DISCUSSION:
First, Couhig notes in its brief that James improperly sought its declaratory judgment via motion and not petition. A suit for a declaratory judgment is an ordinary, not a summary proceeding, Succession of Bleuler, 600 So.2d 791 (La.App. 5 Cir.1992), meaning that James should have filed a petition for declaratory judgment and not a motion for declaratory judgment. However, the unauthorized use of a summary proceeding is a dilatory exception; it must be raised before any general appearance is made on behalf of the nonmoving party. Therefore, Couhig waived its procedural right to assert this exception when it opposed James' motion. Id.; La. C.C.P. art. 926; See, New Orleans Firefighters Ass'n v. City Civil Service Com'n of City of New Orleans, 459 So.2d 1204, 1207 (La.App. 4 Cir.1984), writ denied, 463 So.2d 1319 (La.1985), writ denied, 463 So.2d 1322 (La.1985).
The purpose of a declaratory judgment is to provide a method whereby parties may request a trial judge to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." La. C.C.P. art. 1871. Likewise, declaratory judgments promote the simple, expedient trial of cases involving questions readily lending themselves to trial without the usual formalities, making speedy resolution of the issues possible. Gulotta v. Cutshaw, 258 So.2d 555, 559 (La.App. 1 Cir.1972), writ issued by, 261 La. 536, 260 So.2d 320 (1972), reversed on other grounds, 283 So.2d 482 (La.1973). However, in order for a declaratory judgment to be granted, there must be a justiciable controversy because courts are not permitted to issue advisory opinions based on a contingency, which may or may not occur. St. Charles Parish School Bd. v. GAF Corp., 512 So.2d 1165, 1171 (La.1987). In American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La.1993), the Louisiana Supreme Court discussed at length the justiciable controversy requirement. It stated:
A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. (citations omitted).
Likewise, the dispute at issue must involve the legal relations of the parties who have adverse interests, which can be determined in a conclusive factor at that stage of the proceedings.
Couhig argues that the granting of James' declaratory judgment was improper because there was not a justiciable controversy, thus rendering the declaratory judgment premature. It cites to Faucheaux v. Prytania Medical Complex Owners Ass'n, 93-2042, 94-0159 (La.App. 4 Cir. 8/17/94), 642 So.2d 242, to support its position. In Faucheaux, the plaintiffs alleged to have sustained injuries when they slipped and fell in a parking garage owned by Prytania Medical Complex (Prytania) and leased by St. Charles General Hospital (St. Charles). Plaintiffs filed suit against Prytania and St. Charles. Prytania filed motions for summary judgment or, alternatively, for declaratory relief, arguing that through the lease agreement between itself and St. Charles, St. Charles agreed to defend, indemnify and hold harmless Prytania for any damages arising out of its operation of the parking garage. The trial court granted the motion. This court reversed and rendered in part, and vacated and remanded in part. We reversed the finding that St. Charles had to defend Prytania on the ground that the agreement between the two made no mention of St. Charles assuming Prytania's defense. Furthermore, we vacated the judgment of the trial court ordering St. Charles to indemnify Prytania because we found that the indemnity right was contingent upon a finding of liability, and, since plaintiffs had not yet proven liability on the part of either defendant, deciding this issue was premature; there was no justiciable controversy. Id. at 245.
On the other hand, James cites to Doskey v. Hebert, 93-1564 (La.App. 4 Cir. 9/29/94), 645 So.2d 674, for support for its position *175 that declaratory judgment is appropriate in this case. James argues that the clause at issue in Doskey created the same exact rights and obligations as the clause at issue in the instant case. Doskey involved a home purchaser suing the home vendor and two pest control companies for termite damage to the home. One of the defendants, Terminix, purchased the interests of Spencer, the second defendant prior to the accrual of plaintiffs' cause of action.
The trial court maintained the defendants' exception of prescription following the trial. On appeal, this court reversed the exception, holding that the claim did not prescribe based on a the theory of contra non valentem. Also, at issue in that case was the interpretation of a clause in the asset acquisition contract between the defendants, Terminix and Spencer. However, the clause at issue in that case very clearly provided that Terminix, the successor in interest to Spencer, was not entitled to be held harmless or indemnified by Spencer for any claims arising after the asset sale even if they arose out of an already existing contract, provided Spencer had no prior knowledge of the claims' existence. Therefore, Doskey is not analogous to the instant case where the clause does not specifically preface the right to indemnification and to be held harmless with a finding of knowledge. Moreover, that was not a case where declaratory judgment was sought; there was a full trial on the merits and liability was determined. Here, there has not been any resolution regarding who, if anybody, is liable to plaintiff for her damages.
James also cites Green v. Culpepper, 26,393 (La.App. 2 Cir. 3/1/95), 652 So.2d 138, writ denied, 95-1185 (La.6/23/95), 656 So.2d 1021 (La.1995), to support its position. That case is also distinguishable from the instant case. There, Culpepper agreed to hold harmless Green in an asset acquisition. However, the trial court rendered judgment for Culpepper and against Green in direct contravention to the agreement. Again, the distinction arises because in that case, there was a trial and liability was established; here, liability on the part of either defendant has yet to be proved. If it were found that neither defendant is liable in the instant case, there would be no need to determine if Couhig must hold harmless James. Since there is a contingency involved, it is impossible to state with certainty that the hold harmless clause in the asset acquisition clause will definitely be triggered. As such, declaratory judgment is inappropriate.
For the foregoing reasons, the judgment of the trial court granting defendant James motion for declaratory judgment is reversed and the case remanded to the trial court for further proceedings.
REVERSED AND REMANDED.